(100 App. Div. 423)

KETCHUM v. KETCHUM et al.

(Supreme Court, Appellate Division, First Department.   January 20, 1905.)

1. WILLS—CONSTRUCTION—VESTED REMAINDERS.

Testator devised certain real estate to his wife by the first clause of his will, to have and to hold during her natural life.  By the second clause he directed that his property, real and personal, previously mentioned, at his wife's decease should be equally divided between his two daughters; and the seventh clause directed that on the decease of either of his daughters the portion of testator's property held by either of them should descend to their issue, and be placed in the hands of a trustee, and, if there is no surviving issue, the property should then pass to the deceased's sister and issue.  *Held*, that on the death of the widow the daughters acquired an absolute estate in the property, the limitation in the seventh clause being applicable only in case of the daughters' death before the death of the widow.

Appeal from Special Term.

Action by George Ketchum against Anita M. Ketchum and others.   From a judgment dismissing the complaint on the merits, he appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

E. M. Bliven, for appellant.

James A. Deering, for respondent Pigueron.

T. Baumeister, for respondent Bernstein.

VAN BRUNT, P. J.   This action is for the partition of certain real property.   The plaintiff claims that he and the defendant Anita M. Ketchum are now each seised in fee of an undivided half part of the realty as tenants in common.   The question involved arises under the will of one John T. Coffin, who died in November, 1876, leaving a last will and testament dated January 2, 1875, which was admitted to probate on the 6th of December, 1876.   The testator left surviving his widow, Elizabeth O. Coffin; his two children, Anne P. Ketchum and Mary W. Ketchum; and three grandchildren—George Ketchum, the plaintiff, and Elizabeth C. Ketchum, children of his said daughter Mary W. Ketchum, and Anita M. Ketchum, daughter of Anne P. Ketchum.   The said children of the testator, Anne P. and Mary W. Ketchum, conveyed their interest in the premises sought to be partitioned in this action to their mother by deed dated December 30, 1876.   Elizabeth O. Coffin conveyed said premises to George G. Williams, trustee, on the 17th of April, 1884.   Elizabeth O. Coffin and George G. Williams conveyed said premises to the Chemical National Bank of New York by deed dated January 1, 1891.   The Chemical National Bank conveyed to Louis Bernstein, one of the respondents, the premises in question, by deed dated April 16, 1900; and Bernstein conveyed the same to the respondent George H. Pigueron by deed dated April 16, 1903.   Elizabeth O. Coffin died November 1, 1894, leaving her surviving her said two children, Anne P. Ketchum and Mary W. Ketchum.   Anne P. Ketchum died on November 6, 1895, leav-

ing her surviving her only issue, Anita M. Ketchum, one of the defendants. Mary W. Ketchum died on December, 24, 1901, leaving her surviving her only issue, her children George Ketchum and Elizabeth C. Ketchum.

The premises in question belonged to said John T. Coffin, and passed under his will; the question involved being whether his daughters took a vested estate in remainder, which estate became absolute upon the death of their mother, or whether such daughters took merely a life interest and the fee vested in their respective children upon their death. The parts of the will of John T. Coffin which relate to the question under consideration are as follows:

"First. I give, devise and bequeath to my beloved wife the house and lot where I reside, situated in the City of New York, and known as 106 East 16th Street, the furniture therein, together with each and every article of whatever name or description therein contained belonging to me at the time of my decease, to have and to hold during the time of her natural life.

"Second. I further devise and bequeath to my beloved wife, all my personal property (save certain exceptions) which I particularize and set apart in my book of investments 'numbered one' and at her decease, I direct that the property both real and personal heretofore mentioned and held by her, to be equally divided between my daughters, Anne P. Ketchum and Mary Wolfe Ketchum."

He then, by the third, fourth, fifth, and sixth paragraphs of his will, gave certain specific bequests. By the seventh clause he provided as follows:

"Seventh. In the event of the decease of either of my daughters, I direct that any part or portion of the property held by either of them—descend to their issue and placed in the hands and charge of a trustee if no surviving issue, the property to then pass to her sister and issue."

As will be seen, it is claimed on the part of the plaintiff that, notwithstanding that the testator by the second clause of the will gave the premises in question upon the death of his widow absolutely to his daughters, Anne P. Ketchum and Mary W. Ketchum, by the seventh clause of the will he cut down the estate theretofore devised to a life tenancy. The cardinal principle which governs the interpretation of wills is that the intention of the testator is to be followed, and such intention must be gathered from the terms of the will, and resort may be had, in certain circumstances, to the surroundings of the testator to aid in the interpretation. It seems to us to be clear that it was the intention of the testator upon the death of his widow to devise the premises in question absolutely to his daughters, and that the limitation contained in the seventh clause was only to apply in case the daughters died before the widow, and before they became entitled, under the second clause, to an absolute property in the premises in question. The whole scheme of the will indicates such an intention upon the part of the testator, and, construing the seventh clause in view of the rules governing interpretation where the words "in the event of the decease" of a devisee are used, that they ordinarily speak as of a death within the lifetime of the testator, and enlarging that rule to the fullest extent, its requirements make necessary the interpretation that this limitation could not possibly have been intended to cut down

the previous absolute estate in case it became vested under the second clause of the will. In order to give force and effect to all the clauses of this will, it is necessary to construe the limitations contained in the seventh clause as applying to a death either within the lifetime of the testator or within the lifetime of the widow before the title became vested absolutely in the daughters under the second clause of the will. By so doing we harmonize these two clauses of the will, and undoubtedly carry out the intention of the testator. We think, therefore, that it was the intention of the testator upon the death of his widow to devise this estate to his daughters absolutely, and that, they having survived the widow, and having conveyed whatever title they had, there was nothing to descend to their issue upon her death.

The judgment should be affirmed, with costs.    All concur.