## LITTLE *v.* McGUIRE.

### Opinion delivered June 29, 1914.

1. WILLS—INCONSISTENT PROVISIONS—CONSTRUCTION.—Where different parts of a will are totally irreconcilable, the last overthrows the former part; but this rule is resorted to only to escape total inconsistency. (Page 500.)

2. WILLS—TRUST ESTATE.—Deceased's will, devising certain lands to one M. held to create a trust, where the language, "and * * * I hereby appoint R. N. * * * trustee, to have and to hold the legal title to the property hereinbefore bequeathed to M.," was used, and that M. did not take the legal title under the will, but his rights in the property were those of *cestui que trust.* (Page 501.)

3. TAX SALES—INSANE PERSON—REDEMPTION—CESTUI QUE TRUST.— Where one M., an insane person, under a will, acquired only the rights of *cestui que trust* in certain property, his interest is not such as to bring him within the terms of Kirby's Digest, § 7095, allowing an insane person to redeem after the lapse of more than two years after sale. (Page 501.)

4.   LIMITATION OF ACTIONS—RIGHTS OF CESTUI QUE TRUST.—Whenever the right of action of a trustee is barred by limitations, the right of the *cestui que trust,* thus represented, is barred also. (Page 501.)

5.   REDEMPTION—CONSTRUCTION OF STATUTES.—Redemption laws will be liberally construed.   (Page 501.)

Appeal from Jackson Chancery Court; *George T. Humphries,* Chancellor; reversed.

*Hawthorne & Hawthorne,* for appellant.

1.   An insane person who holds the *legal* title to lands may redeem within two years, but the statute is not broad enough to extend the right to an insane person who only has an equitable title, where the title is in a trustee.   Kirby's Dig., § § 7095, 5056.

2.   When the trustee is barred by limitation, the *cestui que trust* is also barred.   The trustee was barred by the seven years statute of limitations.   53 Ark. 358; Wood on Limitation, § 208; 25 Cyc. 1010; 68 Tex. 150; 51 Ga. 139; 100 U. S. 564; 14 Pac. 874; 20 S. W. 1065; 39 Tenn. 641; 26 S. E. 675; 48 Ky. 423; 55 S. W. 1029.

3.   The legal title was in the trustee under the will. 78 N. E. 147; 77 *Id.* 142, and cases *supra.*

*Stuckey & Stuckey,* for appellee.

1.   Appellee had the right to redeem within two years as an insane person.   Kirby's Dig., § 7095; 97 Ark. 456; Kirby's Dig., § 7812; 39 Ark. 509.   The case, 53 Ark. 358, is not analogous.

2.   The statute having never commenced to run against McGuire, an insane person, he is clearly entitled to redeem.

McCULLOCH, C. J.   This is an action instituted on behalf of a person of unsound mind to redeem lands from tax sale under a statute of this State which provides that "all lands, city or town lots belonging to insane persons, minors or persons in confinement, and which have been, or may hereafter be, sold for taxes, may be redeemed within two years from and after the expiration of such disability."   Kirby's Digest, § 7095.

Redemption from tax sales is allowed generally for a period of two years after sale, and the above quoted statute is an exception in favor of persons under disability.

The lands in controversy were sold for taxes in the year 1881, and this action was instituted on April 24, 1913, by a person of unsound mind, William E. McGuire, suing by his next friend.

The language of the statute is clear and explicit, and the question involved is whether or not appellee, who is conceded to be a person of unsound mind, was the owner of the land, within the meaning of the statute, at the time it was sold for taxes.

Appellee derives his rights by devise from one Elizabeth Crow, who died in the year 1880, leaving a last will and testament whereby she devised to appellee a beneficial interest in the lands in controversy for and during his life. There are several clauses of the will of Elizabeth Crow with reference to devises of property to appellee, who was her nephew. The language of each is as follows:

"I devise and bequeath to my nephew, William Ed McGuire, for the period of his natural life, all the lands owned by me (describing them), to hold the same for the period of his natural life, and at his death to descend to the heirs of his body lawfully begotten."

The instrument concludes with the following clause:

"It is further my will that all the property hereinabove decreed to my nephew, William Ed McGuire, shall be held, managed and controlled during the life of the said William Ed by the trustee hereinafter named, it not being my intention that he, the said William Ed, shall have the power to alien or to encumber the estate in the property I have bequeathed to him, and for this purpose I hereby appoint Robert Neill, of Batesville, trustee, to have and to hold the legal title to the property hereinabove bequeathed to said William Ed McGuire, with full power to control, rent, lease, and, if necessary, to sell and convey, the life estate of said William Ed

McGuire in the property bequeathed to him, and to apply the proceeds to the support and maintenance of said William Ed McGuire so long as he shall live."

It is our duty to construe the whole will together for the purpose of ascertaining the true intent of the testatrix; and, when this is done, it is clear that the instrument conveys the legal title to the trustee for the benefit of appellee as beneficiary during his natural life, and it does not devise the legal title to appellee. When thus construed, the different clauses of the will are not in conflict with each other.

If any conflict exists, it would be our duty to construe the last provision as controlling, but where all the provisions can be construed together, without doing violence to the language of either, it is the duty of the court to do so.

The rule is that, where different parts of a will are totally irreconcilable, the last overthrows the former; but that rule is never resorted to except for the purpose of escaping total inconsistency. *Cox v. Britt,* 22 Ark. 567; *McKenzie v. Roleson,* 28 Ark. 102.

The case of *Parker v. Wilson,* 98 Ark. 553, is decisive of the present case on the point now under discussion. That case involved the construction of the will of a testatrix, whereby property was, in terms, conveyed to the son of the testatrix, but the clause was followed by another appointing her husband as guardian with authority to take entire charge of the property and manage the same and to bargain, sell and convey the property. We held that that conveyed the legal title to the husband in trust, and that the property did not fall to the guardian of the son, and in the opinion it was said:

"In the application of the rules of construction above announced, we are of the opinion that, under the terms of the will, the testatrix intended something more than to make her husband guardian of her minor children; or to give him power to manage her property, but that she intended to place her property in trust for her children during their minority. She does not stop with

directing him to manage the property, but goes further and uses the word 'hold,' which has a technical meaning as expressing tenure. He is given power to bargain, sell and convey. Hence, instead of merely intending to appoint her husband guardian of her children and to give him power to manage the property for them, we are of the opinion that, by direct and express terms, she made him trustee of her property during their minority, with power to sell same, and that the legal title thereto during the trust term was in him as trustee."

It follows, therefore, that the legal title to the property in controversy was in the trustee, and that, he, and not the *cestui que trust,* was the owner thereof.

Pursuing the inquiry, it further follows that appellee's rights in the property as *cestui que trust* did not bring him within the terms of the statute giving the right to redeem.

In *Chase* v. *Cartright,* 53 Ark. 358, it was held that the statute of limitations ran against a cause of action for the recovery of lands held by trustees and that *cestuis que trust* under disability of minority did not come within the exceptions which permitted infants to prosecute actions after removal of disabilities. The court said:

"Seven years' adverse possesion was sufficient to bar the right of the trustees, they being under no disability; but whenever the right of action in the trustees is barred by limitation, the right of *cestuis que trust* thus represented is also barred."

The cases cited on the brief of appellant abundantly sustain that proposition.

Reasoning by analogy, it is clear that appellee is not entitled to invoke the exemption prescribed by the statute in favor of persons under disability, for he was not the owner of the property within the meaning of the statute and was represented by the trustee, who held the legal title.

Redemption laws are liberally construed, and this court has adhered to that policy. Appellee had such an

interest in the property that gave him the right to redeem during the period allowed by the general statute, but as that time has expired, before redemption can be permitted the person under disability seeking to redeem must be shown to have been the owner of the land at the time of the sale.

Our conclusion is that appellee had no right of redemption, and that the chancellor erred in rendering a decree in his favor. The decree is, therefore, reversed, and the cause remanded, with directions to dismiss the complaint for want of equity.