## GIST *v.* PETTUS.

Opinion delivered November 30, 1914.

1. WILLS—DEVISE OF LIFE ESTATE.—A testator by his will devised land to P. "to have the same to him and his heirs forever." By a codicil the testator provided that the land devised to P. shall descend at P.'s death "to the heirs of his body." *Held*, reading these two provisions together, the testator intended to devise to P. only a life estate in the land, and to give to P.'s heirs the remainder in

fee simple, and there is no repugnancy between the provisions of the will and the codicil.

2.  WILLS—CODICIL—REPUGNANCY.—When the language in the codicil to a will, is inconsistent with and repugnant to the terms of the will, the language of the codicil will control.

3.  WILLS—CONFLICT IN PROVISIONS.—Where the provisions of a will are in conflict, the last provision is controlling.

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

### STATEMENT BY THE COURT.

These suits were instituted by the appellees against the appellants for the possession of certain lands. The suits were consolidated and tried together. The appellees set up in their complaints that they were the children and heirs at law of John W. Pettus, who died on the 8th of January, 1912; that they were the owners of the land by virtue of the will of W. W. Pettus, which, omitting clauses that are merely formal (and not necessary for the proper construction of the will) is as follows:

"*Third.* I give and bequeath and devise to my son, John Wright Pettus, to have and take at my death all that two hundred acres of land where I now reside, including my present residence and mansion house, to have the same to him and his heirs forever, subject to the dower of my beloved wife, Sarah Pettus, also my son, John Wright Pettus, shall have all my personal property and effects, subject to the payment of my just debts and the dower of my said wife, Sarah.

"*Fourth.* In case I shall die owning any other real estate than the lands given to my son, John Wright Pettus, as hereinbefore set forth, the same shall be equally divided between my son, John Wright Pettus, and my daughter, Mary Lovelace, and her heirs, and should I die seized of no other lands, then in that event my former advancements to my said daughter, Mary, shall constitute all my estate which she or her heirs shall receive from my estate, the said lands herein last referred to, if there should be any at my death, aside from the two hundred acres, including the home and mansion house, shall be

subject to the payment of my debts should there be an insufficiency of personal property for that purpose."

The will was executed on the 3d day of April, 1871. There was a codicil to the will, executed on the 24th of April, 1873, as follows:

"It is the intention that I do hereby devise and direct that all the real estate devised and given in the above and foregoing instrument to my son, John W. Pettus, shall descend at his death to the heirs of his body, and in case he die without issue to the bodily heirs of my said daughter, Mary—and the property given to my daughter, Mary, in the above and foregoing instrument shall descend to the heirs of her body."

Appellants were the grantees of John W. Pettus, and claimed to have a fee simple title under him.

The court instructed the jury that under the will of W. W. Pettus the lands devised therein to John W. Pettus, on the death of the latter, passed to his children, the appellees herein. From a judgment in favor of appellees the appellants have duly prosecuted this appeal.

*Pryor & Miles* and *Geo. S. Evans,* for appellants.

Under the third paragraph of the will the testator devised to his son, John Wright Pettus, a fee simple title to the land.

A gift made by will is not to be cut down by a subsequent codicil in vague and doubtful language nor unless the intention of the testator clearly appears therefrom. Underhill on Wills, 487, § 358; 1 L. R. A. (N. S.) 397.

A provision in a will which after devising the property in fee simple to one person, directs that, upon the death of that person, all property undisposed of shall pass to another person named, is void. 81 Ark. 481; 8 L. R. A. (N. S.) 1028; 109 U. S. 725; 25 L. R. A. (N. S.) 920.

Where, as in this case, a will provides that in case the devisee dies without issue the property shall pass to another, if issue is born alive to the first taker, that fixes the fee in him. 245 Ill. 617; 92 N. E. 562; 37 L. R. A. 164.

The codicil to the will merely directed the course of the property's descent upon the death of the testator's son, and such a limitation over after the fee is repugnant to the nature of the estate and is void.  2 Underhill on Wills, § 689; Page on Wills, § 684; Gardner on Wills, 486.

*Roberts & Kincannon,* for appellees.

The third paragraph, when read in connection with the entire instrument, including the codicil, as it should be, conveyed to John W. Pettus and the heirs of his body a fee tail estate, whereby, under our statute, section 735, Kirby's Digest, he took a life estate with remainder in fee simple to his heirs.  98 Ark. 570; 95 Ark. 333; *Id.* 18; 75 Ark. 19; 67 Ark. 517; 49 Ark. 125; 44 Ark. 458; 58 Ark. 303; 72 Ark. 336; 80 S. W. 367; 73 Ark. 56-60; *Id.* 422.

The cardinal rule in the construction of wills is to arrive at the intention of the testator, and when that intent is ascertained, if it is not contrary to some positive rule of law, it will be upheld.

Here, the third paragraph, with the statement as to his intention as set out in the codicil, makes it plain that the testator intended that the heirs of John W. Pettus should have an interest in the estate devised, the fee simple estate therein at his death.  90 Ark. 155; 3 Pet. 346; 40 Cyc. 1386-7-8-9; 104 Ark. 445.

If the testator devised a fee simple estate to John W. Pettus by the third paragraph of the will, he cut it down to a life estate when he added the codicil, for a codicil which makes a disposition of the testator's property inconsistent with the disposition made in the will is, to the extent of such inconsistency, a revocation thereof. 40 Cyc. 1180; *Id.* 1181.  See also 25 L. R. A. (N. S.) 1045; 25 Ark. 108; 22 Ark. 567; 28 Ark. 102.

WOOD, J., (after stating the facts).  The appellants contend that the testator, W. W. Pettus, devised to his son, John W. Pettus, a fee simple title to the lands in controversy under the third paragraph of the will, and that

the codicil, in attempting to dispose of the lands devised in a manner inconsistent with the terms of the devise in the third paragraph, is repugnant to this devise, and should be declared void.  Appellants rely upon the case of *Bernstein* v. *Bramble,* 81 Ark. 480, where Judge BAT-TLE, speaking for the court, quoted from Underhill on the Law of Wills, as follows:

"It is the rule that where property is given in clear language sufficient to convey an absolute fee, the interest thus given shall not be taken away, cut down or diminished by any subsequent vague and general expressions. * * * If it is clearly the intention of the testator that the devisee shall own the fee simple, his subsequent language, directing that what remains of the property at the death of that devisee shall devolve upon a particular person or class of persons, will not cut down the fee to a life estate. The fee, being vested by express and appropriate words, will not be diminished by subsequent words of vague and general character which are absolutely repugnant to the estate granted."

In *Booe* v. *Vinson,* 104 Ark. 445, we said:  "The purpose of construction of a will is to ascertain the intention of the testator from the language used as it appears from consideration of the entire instrument, and, when such intention is ascertained, it must prevail if not contrary to some rule of law, the court placing itself as near as may be in the position of the testator when making the will."  See, also, *Little* v. *McGuire,* 113 Am. 497; 168 S. W. 1084.

(1) Applying these well established rules to the will under consideration, when the codicil and the third paragraph of the will, above quoted, are considered together, there is no doubt that it was the intention of the testator to devise to his son, John W. Pettus, only a life estate in the real estate in controversy, and to give to his heirs the remainder in fee simple; for the codicil expressed this intention of the testator in language too plain to be misunderstood.  The testator, by codicil, expressly declares what his intention was by the devise

contained in his will. He construes the clauses of his will as if apprehensive that they might not be clearly understood, and expresses in unequivocal and unambiguous terms that at the death of his son, John W. Pettus, it was his intention that "all the real estate devised and given shall descend to the heirs of his body."

(2)   When the will is thus construed there is no necessary repugnancy between the codicil and the third paragraph. The third paragraph, with this interpretation of it by the testator himself, means no more than that the lands were devised to John W. Pettus and the heirs of his body forever. But, if we are mistaken in this, and the third paragraph of the will should be construed to devise the fee simple title to John W. Pettus, then this paragraph would be manifestly inconsistent with and repugnant to the codicil, and in that case the language of the codicil would control.

(3)   In *Little* v. *McGuire, supra,* we held that, where the provisions of a will are in conflict, the last provision is controlling. See, also, *Cox* v. *Britt,* 22 Ark. 567; *McKenzie* v. *Roleson,* 28 Ark. 102; 40 Cyc. 1180.

The effect of the devise, considering the entire will, under our statute abolishing fee tails, is to convey to John W. Pettus a life estate only, which, at his death, passed in fee simple to his children, the appellees herein. Kirby's Digest, § 735; *Horsley* v. *Hilburn,* 44 Ark. 458; *Mayar* v. *Snow,* 49 Ark. 125; *Hardage* v. *Stroope,* 58 Ark. 303; *Wilmans* v. *Robinson,* 67 Ark. 517; *Black* v. *Webb,* 72 Ark. 336.

It follows that the court did not err in its construction of the will and in its instruction declaring that construction to the jury as the law for their guidance. The judgment is therefore correct, and it is affirmed.