## BAUM *v*. FOX.

4-4216

Opinion delivered March 9, 1936.

*G. W. Botts,* for appellant.

*George E. Pike,* for appellees.

MEHAFFY, J. John T. Wright, of DeWitt, Arkansas, died in 1926 and left surviving him his widow, Sarah H. Wright; his son, W. J. Wright, and three daughters, Nellie McAdams, Mary B. Gresham, and Emma Pearl Baum. On September 14, 1921, John T. Wright made a will as follows, omitting the formal parts:

"I, John T. Wright, being of sound mind and good understanding, do make and declare this to be my last will and testament. I wish to bequeath to my beloved wife, Sarah H. Wright, my house and three lots, corner of South Fourth and Morrison Street, No. 723. Also my liberty bonds and one note in First National Bank, and mortgage given to both wife and I by Mr. B. H. Turner, and my other moneys that may be received after all debts are paid. If she needs any assistance in man-

aging the property, I appoint my son, W. J. Wright, to assist to the best of his ability. After death of the said Sarah H. Wright after the debts are paid all property and moneys are to be equally divided among my four children:

"W. J. Wright, Mary B. Gresham, Nellie McAdams.

"Except Pearl Baum not to receive her share until she is 45 years of age to be kept in trust for her until then.

"John T. Wright."

This action was brought by appellant in the Arkansas Chancery Court on April 6, 1934, for the purpose of having the will construed and for appellant's part of the estate.

Clarence Fox and Tee Fox, his wife, were made defendants because they were indebted to Wright and had given to him their promissory notes.

Appellant alleged that Sarah H. Wright and other appellees had used the estate for their benefit, and that under the will she was entitled to one-fourth of it when she became 45 years old.

Appellees filed answer denying the material allegations in the complaint. They also filed a demurrer which was not passed on by the court.

It was agreed that Sarah H. Wright, the widow of John T. Wright, was 83 years of age, and that no letters of administration or executorship had been issued, and no bond filed, and that Sarah H. Wright had received and collected all the moneys which had been paid or realized by the estate, and converted same to her own use and benefit. There was no other evidence introduced.

The court below decided that Sarah H. Wright took a life estate, and that she had the right to use the same or so much thereof as may be necessary for her benefit and support. The court also found that the appellant was not entitled to receive any part or parcel of the estate at this time, and that the suit was prematurely brought as to her rights under the will, holding that she was not entitled to any part of the estate until the death

of Sarah H. Wright, although the court found that she was more than 45 years old.

There is no dispute about the validity of the will, and the only question is whether, under the terms of the will, appellant is entitled to any part of the estate until the death of Sarah H. Wright.

The cardinal rule of construction of wills is to ascertain the intent of the testator and give it effect, unless the testator has attempted to accomplish a purpose or make a disposition of property contrary to some rule of law.

"The intention of a testator is to be collected from the whole will, and from a consideration of all the provisions of the instrument, taken together, rather than from any particular form of words. The intention is not to be gathered from detached portions alone, and the court should not consider merely the particular clause of the will which is in dispute." 28 R. C. L. 215, 216.

The first paragraph of the will bequeaths to Sarah H. Wright all of the property of the testator without any qualification at all. We hold this to be not a life estate, but an estate in fee simple. The paragraph has another clause as follows: "After the death of the said Sarah H. Wright after the debts are paid all property and money are to be equally divided among my four children." The following clause is added: "Except Pearl Baum not to receive her share until she is 45 years of age to be kept for her until then."

The rule with reference to conveying or creating. a fee simple is stated in R. C. L. as follows: "By the earlier common law it was an established rule that a devise of lands without words of limitation conferred on the devisee an estate for life only. An exception was soon recognized in the case of a will, so that an estate in fee could be given without the use of the technical words required in a conveyance or deed, the gift in such a case being known as an executory devise. Modern legislation has largely abolished the former rule so that words of inheritance or perpetuity are no longer necessary to devise a fee, and whenever an estate in lands is created by a will, it will be deemed to be an estate in fee simple,

if a less estate is not clearly indicated. Especially when the testator shows that he desires not to die intestate, the courts will construe his will as creating a fee rather than a life estate, and thus avoid a partial intestacy." 28 R. C. L. 237, 238.

In this particular case, however, in order to determine whether the appellant is entitled to her share of the estate now, it is immaterial whether Sarah H. Wright took the fee or a life estate, because the appellant, under the terms of the will, was not to receive anything until the death of Sarah H. Wright. It is the contention of the appellant that she should receive her portion of said estate when she reached the age of 45 years, this being a later clause in the will. But the whole will must be construed together. Every part of it must be considered, and, when this is done, it was the manifest intention of the testator that Sarah H. Wright should receive the property, and, if any part of it were left at her death, it was to be divided among the four children, with the provision however, that the appellant should not receive her share until she reached the age of 45. There is no conflict between this provision of the will and the other provisions. The children are not to receive anything until the death of Sarah H. Wright, and if the appellant was not 45 years of age at that time, then her share would be kept in trust for her until she reached that age.

Appellant calls attention to the case of *Little* v. *McGuire,* 113 Ark. 497, 168 S. W. 1084. The court in that case said: "If any conflict exists, it would be our duty to construe the last provision as controlling, but where all the provisions can be construed together without doing violence to the language of either, it is the duty of the court to do so.

"The rule is that, where different parts of a will are totally irreconcilable, the last overthrows the former, but that rule is never resorted to except for the purpose of escaping total inconsistency."

The case of *Cox* v. *Britt,* 22 Ark. 567, cited and relied on by appellant, is to the same effect, so far as conflicting clauses are concerned, as the case of *Little* v. *McGuire, supra.* But the will in the Cox case expressly limited

the estate to the life of the legatee. It used the term, "during my natural life," but the court said "my" before the words "natural life" was undoubtedly a clerical mistake, and to give effect to the manifest intention of the testatrix as collected from the context, must be read "her." That is, it limited the estate to her natural life.

Appellant next calls attention to the case of McKenzie v. Roleson, 28 Ark. 102. The court in that case said, in discussing the repugnancy between the provisions: "There is certainly no repugnancy between the provisions of the original will, appointing a trustee and defining his duties, and the provisions of the codicil appointing an executor and directing him to execute the will in every particular."

Appellant next calls attention to 40 Cyc. 1180. This paragraph discusses inconsistent provisions of a will in the disposition of property, but, after stating the rule as to a codicil making a disposition of property inconsistent with the disposition made in the will, the paragraph reads: "But in order that a codicil shall operate as a revocation of any part of a will, in the absence of express words to that effect, its provisions must be so inconsistent with those of the will as to exclude any other legitimate inference than that of a change in the testator's intention."

Appellant calls attention to Gist v. Pettus, 115 Ark. 400, 171 S. W. 480. The court in that case said: "It is the rule that where property is given in clear language sufficient to convey an absolute fee, the interest thus given shall not be taken away, cut down or diminished by any subsequent, vague and general expressions. * * * "If it is clearly the intention of the testator that the devisee shall own the fee simple, his subsequent language directing that what remains of the property at the death of that devisee shall devolve upon a particular person or class of persons will not cut down the fee to a life estate." This case also approves the rule that where there is an irreconcilable conflict, the last provision prevails.

Appellant calls attention to the case of Horrocks v. Basham, 139 Ark. 116, 213 S. W. 372. That will pro-

vided that if Basham's son, by his own efforts accumulated an estate of the value of $15,000 clear and unincumbered, or in any event when he shall have reached the age of 45 years, that estate should be turned over to him. It was perfectly clear in that will that, if he accumulated the estate of $15,000, it should be turned over to him, but whether he did that or not, in any event it should be turned over to him when he was 45 years old.

The will in the instant case provides that at the death of Sarah Wright the property should be divided among the children, but that Pearl Baum should not receive her share until she was 45 years old. She could in no event receive it before the death of Sarah H. Wright, and, if she died before appellant was 45 years old, appellant could not receive it until she became 45 years old.

Holding, as we do, that Sarah H. Wright received the fee, it becomes unnecessary to discuss the other questions referred to by counsel.

Upon appeal in an equity case the trial is *de novo*, and if the decree is correct, it will be affirmed, although the chancellor based his holding on the wrong ground. This court has said: "The court was therefore in error in decreeing in favor of appellees on this ground. But this does not call for a reversal of the decrees if for other reasons they were correct." *Murphy* v. *Murphy*, 165 Ark. 246, 262 S. W. 677.

We think the decree of the chancery court is correct, and it is therefore affirmed.

JOHNSON, C. J., dissents.