RAMSEUR *v.* BELDING.

4-7180                                                                                    175 S. W. 2d 977

Opinion delivered December 6, 1943.

*Murphy & Wood,* for appellant.

*Martin, Wootton & Martin,* for appellee.

McHANEY, J.   The late George R. Belding died testate in Garland county, Arkansas, in July, 1941, leaving surviving him his widow, Hattie Belding, and a son and a daughter, the appellees, Miller G. Belding and Martha Belding Bradshaw, as his only heirs at law.  His will, after directing the payment of his debts, in item one, specific bequests to Martha in item two, and the household effects to the widow in item three, provides the following in items four and five: "I give, devise and be-

queath to my wife, Hattie Belding, one-third (1/3) of the remainder of my estate, both real, personal and mixed, for her lifetime, same to be held in trust for her use and benefit by my son, Miller G. Belding and my daughter, Martha Belding Bradshaw, who shall have the power to manage, mortgage, sell and convey such parts thereof as they deem advisable and to the best interest of their mother, and I direct that they pay to my wife, Hattie Belding, out of the income therefrom at least two hundred ($200) dollars per month and as much in addition thereto as the income will permit. If the income is not sufficient to pay at least $200 per month, I direct that so much of the principal as is necessary to meet these payments be sold from time to time in order that she may have an adequate income for her needs and requirements under all conditions. In the event either Miller G. Belding or Martha Belding Bradshaw, or both of them, cannot serve in the capacity of trustee as herein set forth, I direct that they shall have the right and authority to select some person, persons or institution to serve in their stead, provided such selection shall receive the approval of the chancery court or such other proper court as may have jurisdiction in this matter."

Item five: "All of the remainder of my estate, both real, personal, and mixed, is to be divided equally between my son, Miller G. Belding, and my daughter, Martha Belding Bradshaw. In the event of the decease of either, the heirs of their body will take his or her share *per stirpes*."

Acting pursuant to the authority of said will, appellees, on November 16, 1942, both individually and as trustees under said will, entered into a written contract with appellant, W. H. Ramseur, for the sale to him of lot 6, block 1, Boulevard Addition to the city of Hot Springs for a consideration of $25, agreeing to convey the fee simple title. Ramseur declined to purchase on the ground that appellees acquired only a life estate in said property under the provisions of item five of their father's will above quoted, and could not, therefore, convey the fee. Appellees brought this action for specific performance against him and made the other appellants, Emily Jane

Belding, daughter and only child of Miller G. and Shirley Miller Bradshaw, an infant and only child of Martha, parties defendant to the action. Trial resulted in a decree for specific performance as prayed, and this appeal followed.

Item four of the will gave to the widow a life estate in one-third of the remainder of the testator's estate after certain specific bequests to Martha and to the widow, to be held in trust for her by appellees who were given the power "to manage, mortgage, sell and convey such parts thereof as they deem advisable and to the best interest of their mother." Item five in the first sentence gives appellees the fee in the remainder of the testator's estate, subject of course to the widow's life estate in one-third. The second sentence in that item is the one that causes the trouble, or doubt, here which provides: "In the event of the decease of either, the heirs of their body will take his or her share *per stirpes.*" Appellants contend that this provision gives appellees only a life estate. We think the trial court correctly held that it did not have this effect and that such was not the intention of the testator, for several reasons. In the first place, had the testator intended for his son and daughter to have only a life estate in the remainder of his estate, it would have been a very simple matter to have said so in clear and concise language. In the next place, a clear fee is granted them in the first sentence of item five. The second sentence, according to appellants, cuts down the estate already granted to a life estate. This may not be done unless such intention is clearly indicated by the language used. *Bernstein* v. *Bramble,* 81 Ark. 480, 99 S. W. 682, 8 L. R. A., N. S. 1028, 11 Am. Cas. 343; *Baum* v. *Fox,* 192 Ark. 406, 91 S. W. 2d 601. The general rule is that "whenever an estate in lands is created by a will, it will be deemed to be an estate in fee simple, if a less estate is not clearly indicated." Quoted from 28 R. C. L. 237 in *Baum* v. *Fox supra.* Here, we think a less estate is not indicated clearly or otherwise. What the testator intended by "In the event of the decease of either," etc., in the second sentence of item five, was the decease of either prior to his death. In this connection compare with *Bowlin* v. *Vinsant,*

186 Ark. 740, 55 S. W. 2d 927, where the testator bequeathed to his wife certain real estate "for and during her natural life—and at her death, or should my wife not survive me—I give and devise said dwelling house and premises devised to my wife during her life, at her death, or should my said wife not survive me, unto my daughter, Gertrude Vinsant, and unto the heirs of her body," and which he held to convey the fee to the daughter, the wife surviving the testator, on her death.

A very similar case is *Ketchum* v. *Ketchum,* 100 App. Div. 423, 91 N. Y. Supp. 801, where the testator had devised certain property to his wife for life, and at her decease to his two daughters. Another paragraph of his will provided: "In the event of the decease of either of my daughters, I direct that any part or portion of the property held by either of them—descend to their issue," etc. The court said: "It seems to us to be clear that it was the intention of the testator upon the death of his widow to devise the premises in question absolutely to his daughters, and that the limitation contained in the seventh clause was only to apply in case the daughters died before the widow, and before they became entitled, under the second clause, to an absolute property in the premises in question. The whole scheme of the will indicates such an intention upon the part of the testator, and, construing the seventh clause in view of the rules governing interpretation where the words 'in the event of the decease' of a devisee are used, that they ordinarily speak as of a death within the lifetime of the testator, and enlarging that rule to the fullest extent, its requirements make necessary the interpretation that this limitation could not possibly have been intended to cut down the previous absolute estate in case it became vested under the second clause of the will. In order to give force and effect to all the clauses of this will, it is necessary to construe the limitations contained in the seventh clause as applying to a death either within the lifetime of the testator or within the lifetime of the widow before the title became vested absolutely in the daughters under the second clause of the will. By so doing we harmonize these two clauses of the will, and undoubtedly carry out the intention of the testa-

tor. We think, therefore, that it was the intention of the testator upon the death of his widow to devise this estate to his daughters absolutely, and that, they having survived the widow, and having conveyed whatever title they had, there was nothing to descend to their issue upon her death.''

Here, also, the will, when viewed as a whole to determine the intent of the testator, shows clearly that he intended his son and daughter to take the fee in all his property subject to the life estate of his wife in one-third thereof, provided they survived him. But if either should die prior to the testator's death, he wanted that share to descend to the heirs of the body of such decedent *per stirpes*. Such was the holding of the trial court, and its decree is accordingly affirmed.