OLLAR v. ROY.

4-8398                                   207 S. W. 2d 313

Opinion delivered January 12, 1948.

*Robert A. Zebold*, for appellant.

*W. W. Sharp*, for appellee.

MINOR W. MILLWEE, Justice. This is a suit by appellees, Pearl Moore Roy and Joel V. McComb, to require appellant, E. C. Ollar, Jr., to specifically perform a contract for the purchase of certain lands in Jefferson county, Arkansas. The facts are undisputed and the only

question involved is whether appellees are vested with fee simple title to the lands under the terms of their mother's will.

Sallie Bryan McComb, mother of appellees, died testate in Woodruff county, Arkansas, in December, 1922. At the time of her death she held fee title to 160 acres of land in section 16, and an undivided one-third interest in remainder to 160 acres in section 21, all in township 7 south, range 7 west, Jefferson county, Arkansas. The tract in section 21 was subject to the life estate of Sallie Bryan McComb's stepmother who died in 1941.

The will of Sallie Bryan McComb was duly probated in Woodruff county in 1923 and later filed for record in the probate court of Jefferson county. Appellees took possession of the lands in section 16 immediately following the death of their mother in 1922. On the death of the life tenant in 1941, appellees also took possession of the tract in section 21 and have held possession at all times since, claiming ownership in fee of the respective tracts. Appellees were the only children of Sallie Bryan McComb. Pearl Moore Roy was 56 years of age at the time of the trial and had one child, a son, 30 years of age. Joel V. McComb was 51 years of age, unmarried and had no children.

On October 1, 1946, appellees entered into a written contract with appellant and agreed to sell the lands which they claimed title to under the provisions of their mother's will. Pursuant to the contract, appellees tendered their deed to the lands, but appellant refused to accept the title, insisting that appellees acquired only a life estate, or a title less than fee, under the will and could not, therefore, convey a merchantable fee title to appellant in accordance with the written contract.

The will of Sallie Bryan McComb contains the following provisions which are involved here:

"That all the property I own and money in banks and stocks be equally divided in half to my two children (Pearl Moore Roy and Joel V. McComb) . . .

"If my son Joel V. McComb should die bearing no children of his own the said inherited property must come back to his sister, 'Pearle Moore Roy.'

"If Pearle Moore Roy should die the said property goes to her children equally divided and in case she leaves no children property goes back to her brother, Joel V. McComb."

The trial court construed the will as vesting a fee simple title in appellees to the lands involved and decreed specific performance of the contract.

It is first insisted by appellant that the first paragraph above does not in express terms constitute a devise in fee to the appellees. It is true that the testatrix did not use the technical wording ordinarily employed in deeds and other legal documents. In the case of *Baum* v. *Fox*, 192 Ark. 406, 91 S. W. 2d 601, this court approved the rule stated in 28 R. C. L., Wills, § 201, p. 237-8, as follows: "By the earlier common law it was an established rule that a devise of lands, without words of limitation, conferred on the devisee an estate for life only. An exception was soon recognized in the case of a will so that an estate in fee could be given without the use of the technical words required in a conveyance or deed, the gift in such a case being known as an executory devise. Modern legislation has largely abolished the former rule, so that words of inheritance or perpetuity are no longer necessary to devise a fee, and whenever an estate in lands is created by will, it will be deemed to be an estate in fee simple if a less estate is not clearly indicated. Especially when the testator shows that he desires not to die intestate the courts will construe his will as creating a fee rather than a life estate and thus avoid a partial intestacy." While the language used by the testatrix in the instant case is that of a layman, we hold that it was her intent to create an estate in fee to appellees when the words employed are construed in the light of the above rule.

It is next contended that even though the words used in the first paragraph are sufficient to constitute a devise in fee, it is limited by the subsequent paragraphs so that

the estate created is a base, or determinable, fee only. It is also argued that the testatrix intended to devise the lands to appellees for life with remainder over to their bodily heirs, with a possible executory devise to the survivor. We think a decision of this question is controlled by the recent cases of *Ramseur* v. *Belding,* 206 Ark. 415, 175 S. W. 2d 977, and *Jackson* v. *Sanford,* 208 Ark. 888, 187 S. W. 2d 945. The case first cited involved a suit for specific performance of a contract for the sale of lands which appellees claimed title to under their father's will. The will contained the following clause: "Item Five: All of the remainder of my estate, both real, personal, and mixed, is to be divided equally between my son, Miller G. Belding, and my daughter, Martha Belding Bradshaw. In the event of the decease of either, the heirs of their body will take his or her share *per stirpes.*" In construing this clause of the will this court said: "Item five in the first sentence gives appellees the fee in the remainder of the testator's estate, subject of course to the widow's life estate in one-third. The second sentence in that item is the one that causes the trouble, or doubt, here which provides: 'In the event of the decease of either, the heirs of their body will take his or her share *per stirpes.*' Appellants contend that this provision gives appellees only a life estate. We think the trial court correctly held that it did not have this effect and that such was not the intention of the testator, for several reasons. In the first place, had the testator intended for his son and daughter to have only a life estate in the remainder of his estate, it would have been a very simple matter to have said so in clear and concise language. In the next place, a clear fee is granted them in the first sentence of item five. The second sentence, according to appellants, cuts down the estate already granted to a life estate. This may not be done unless such intention is clearly indicated by the language used. *Bernstein* v. *Bramble,* 81 Ark. 480, 99 S. W. 682, 8 L. R. A., N. S. 1028, 11 Am. Cas. 343; *Baum* v. *Fox,* 192 Ark. 406, 91 S. W. 2d 601. The general rule is that 'whenever an estate in lands is created by a will, it will be deemed to be an estate in fee simple, if a less estate is not clearly indicated.' Quoted from 28 R. C. L. 237 in *Baum* v. *Fox, supra.* Here,

we think a less estate is not indicated clearly or otherwise. What the testator intended by 'In the event of the decease of either,' etc., in the second sentence of item five, was the decease of either prior to his death.''

In the Jackson case, *supra,* the will contained a paragraph reading as follows: ''Third: At the death of my beloved wife, I direct, devise and bequeath all of said property remaining and undisposed of by her shall be divided equally, to share and share alike, between our children, as follows: Stephen Wyatt Sanford, Ollie Mae Hudson, Florrie Sanford, Robbins S. Sanford, Sloan M. Sanford and John William Sanford; and in the event that either of said children shall die without issue, then the interest of said child so dying shall go to the said children living, to share and share alike.'' The death of the testator's wife occurred prior to that of her husband. In construing this clause, we reaffirmed the rule announced in *Ramseur* v. *Belding, supra,* and earlier cases which are discussed in the opinion, and said: ''What we think the testator meant by the last clause of the third paragraph was that if any child should die without issue before his (testator's) death, such child's interest or share in said estate should go to the said children living, to share and share alike.''

Applying this rule of construction to the will in the instant case, we hold the testatrix meant by the second paragraph above quoted that had Joel V. McComb died without children prior to his mother's death, his share of the estate would have gone to his sister, Pearl Moore Roy. The same construction is applicable to the third paragraph. Since the appellees survived their mother they became vested with title to the lands in fee simple under the will and can convey such title to appellant. The decree of the trial court so holding is accordingly affirmed.