M. L. WALT ET AL *v.* WILLIAM J. BEVIS ET AL

5-4226 414 S. W. 2d 863

Opinion delivered May 22, 1967

*Wright, Lindsey & Jennings,* for appellants.

*Joe P. Melton* and *Chas. A. Walls Jr.* and *Stanley R. Price* and *Walter R. Brown,* for appellees.

JOHN A. FOGLEMAN, Justice. This case turns upon the construction of the will of Samuel B. Kirk of Lonoke County who died January 27, 1890. Appellants contend that title to certain lands in Township One North, Range Nine West in Lonoke County, of which the testator died seized and possessed, vested in them as his nearest of kin upon the death of the last of Kirk's children without issue. They assert this claim under Item VIII of the

will, contending that the will shows the intention of the testator to leave his children a defeasible estate in fee simple. In seeking to establish their title appellants find support in several items of the will so we will outline those items which are pertinent or to which specific reference is made by appellants.

## LAST WILL AND TESTAMENT OF SAMUEL B. KIRK OF LONOKE COUNTY, ARKANSAS

ITEM III gives all personal property and all rents to the widow with full control and powers of disposition without accounting, directing her to maintain, educate and school their children until each shall have arrived at the age of maturity and to rent, lease and improve lands and collect rents from the real estate thereinafter "given to my children until the youngest child shall have arrived at the age of maturity when the lands given the children herein shall be equally divided between them as hereinafter named;—the object of this item being to give my wife absoute control of all personality and rents with the power of disposing of same as fully and completely as if the same originally belonged to her."

ITEM IV provides that at the death of his widow, the eldest son, Samuel H. Kirk, regardless of his age at the time, should be vested with the property and powers granted the widow and charged with the responsibilities assigned her, with the personal property to be divided among his children share and share alike when the youngest of his children should become twenty-one years of age.

ITEM V, omitting land descriptions, reads:

"I give and devise to my beloved children Samuel H. Kirk, Robert Kirk, Thomas F. Kirk and to any other children that may be born unto me hereafter, by my beloved wife Katie Kirk in common the following described lands lying and situated in Lonoke County, Ar-

kansas to wit: [lands in Township One North, Range Nine West; lands in Township Two North, Range Nine West] and all other lands which I now as hereafter own which I have not disposed of in this will either to my said children or to my dear wife to whom I give lands named in item Sixth of this will. I also give to my said children Block four (4) (Block 4) in Dismukes Addition of the Town of Lonoke, being in South West of North quarter of Section Nineteen in Township two North Range Eight West.''

ITEM VI devises certain lands to the widow and states, after describing them: ''which said lands she may sell convey and dispose of as she may see proper, and for any purpose she may see proper; but all of said lands not disposed of at her decease shall be equally divided between my chidren, then living, and their heirs share and share alike—that is to say to each of my children, then living one share, but if any of my children shall not be living, but shall have left children then the children of that one to take the share of the parent, but the division must not take place until the youngest of my children shall have arrived at the age of maturity.''

ITEM VII: ''It is my will and my desire that the lands which I have given to my children shall not be divided between them until the youngest shall have attained his or her majority.''

ITEM VIII: ''It is my desire, and I will that if any of my children shall die before attaining his or her majority and without any children surviving them, his or interest shall be inherited in equal parts by the survivors i.e., his or her brothers and sisters and in case of the death of all children without issue, the property herein willed them and its increase both real and personal shall go to the nearest of kin on my side.''

ITEM IX: ''In case all of my children shall die leaving no children surviving, and their Mother should survive them, then I devise direct and will that all the

lands which I have herein willed to her which she has not disposed of at her decease shall return to my side of the house, and become the property of the nearest of kin.''

ITEM X: ''It is my will and desire that should my wife see proper to do so, she may sell and convey all the lands which I have given to my children in Township Two (2) north Range Nine (9) West and Block Four (4) in the Dismukes Addition to the Town of Lonoke said block being in the South West quarter of North West of Section Nineteen (SW¼ of NW¼ Sec. 19) Township Two (2) North Range Eight (8) West, Said Block and lands to be sold for the benefit of my said children, and she may convey the same in fee simple, the gift to my children of said lands being subject to this right and power of sale in my said wife their mother.''

ITEM XI: ''It is my will and desire and I do order that all the lands which I now own in Township, One (1) North Range Nine (9) West and all that I may die seized and possessed of in that Township and Range shall become the property of my children to be owned and enjoyed by them in common as their lands absolutely to be governed in the division thereof by the provision of Item Seven of this will.''

The paramount principle in will construction is to ascertain and declare the testator's intention. *Copeland v. Harness,* 238 Ark. 143, 379 S. W. 2d 1. This must be done from the language used as appears from consideration of the entire instrument and all of its provisions, and comparison of its various clauses. See *Booe v. Vinson,* 104 Ark. 439, 149 S. W. 524; *Murphy v. Morris,* 200 Ark. 932, 141 S. W. 2d 518; *Morris v. Lynn,* 201 Ark. 310, 144 S. W. 2d 472; *Layman v. Hodnett,* 205 Ark. 367, 168 S. W. 2d 819; *Cox v. Danehower,* 211 Ark. 696, 202 S. W. 2d 200; *Weeks v. Weeks,* 211 Ark. 132, 199 S. W. 2d 955; *McLaren v. Cross,* 236 Ark. 648, 370 S. W. 2d 59. The will must be viewed from its four corners. *Dyer v. Lane,* 202 Ark. 571, 151 S. W. 2d 678;

*Dickens* v. *Tisdale,* 204 Ark. 838, 164 S. W. 2d 990. If possible, it must be construed to give force and meaning to every clause and provision thereof. *Archer* v. *Palmer,* 112 Ark. 527, 167 S. W. 99; *Prall* v. *Prall,* 204 Ark. 1074, 166 S. W. 2d 1028 It should be given that construction which best comports with the purposes and objects of the testator. *Parker* v. *Wilson,* 98 Ark. 553, 136 S. W. 981; *Layman* v. *Hodnett,* 205 Ark. 367, 168 S. W. 2d 819.

When we view the will of Samuel B. Kirk from its four corners, considering its language and giving meaning to all of its provisions, it seems to us that there can be no question that Kirk clearly intended that his children have the lands in Township One North, Range Nine West in fee simple absolute. Reading of the various clauses indicates that he desired that these children be appropriately supported and educated until each had reached his or her majority and to this end desired that some person in whom he had confidence have uncontrolled discretion in the handling of personal peoperty left by him and in the collection and application of rents from his lands. To this end he established something in the nature of a trust, of which his widow had control, if living, or his eldest son in case of her death. This made it inadvisable that there be any division of real estate during this period, so he expressed the desire that this not be done until the youngest child should attain his majority. In what seems to be an obvious effort to avoid intestacy he expressly provided for division when the youngest child reached the age of twenty-one years, making provision to pass any interest of a child who died before attaining his majority and without children surviving to his brothers and sisters and if all died without issue, to his nearest of kin. It is to be noted that Item VIII first treats of the situation if any of his children should die (1) before attaining majority *and* (2) without any children surviving him. It is only reasonable to believe that consideration of the language and the objects and purposes of the testator points to his intention that the nearest of kin would share only if all his children died before attaining majority *and* without is-

sue. It does not seem reasonable that surviving brothers and sisters would not share in the interest of a deceased child unless he died before majority, but that the "nearest of kin" would benefit if all children died without issue, regardless of age of the last one when he died. It is to be noted that he devised lands in Township Two North, Range Nine West to his children, as well as lands in Township One North, Range Nine West. He also devised to his children all lands owned by him which he did not specifically devise to them or to his widow. He further provided that all lands left to his widow remaining undisposed of by her at the time of her death should go to his children, share and share alike.

It is significant that the testator gave his wife the absolute power to convey lands left to his children in fee simple, except for lands in Township One North, Range Nine West, saying that his gift of other lands was subject to this power of sale. This clause is then followed by the provision that all lands owned by him in Township One North, Range Nine West "shall become the property of my children to be owned and enjoyed by them in common as their lands *absolutely* to be governed in the division thereof by Item Seven of this will." [Emphasis ours]

Regardless then, of the meaning and effect of Items VIII and IX as to other lands, the testator could not have more clearly expressed his intention to devise a fee simple absolute to the lands in question to his children.

Appellants argue that the provisions of Item III giving testator's widow absolute control of rents from the lands and the power to rent, lease and improve the lands indicate an intention that his children take less than a fee simple absolute. We do not agree. In *Black* v. *Bailey*, 142 Ark. 201, 218 S. W. 210, this court construed a will in which a testator provided that his residuary estate be held in trust until a certain grandchild attained the age of twenty-one years, or for ten years after the

grandson's death if he died before reaching that age, for the use and benefit of his children. The trustee had full power to handle, manage and control the estate and was directed to divide the rents and profits among testator's children or their heirs semiannually. Another clause devised and bequeathed all his estate at the expiration of the trusteeship to his children, share and share alike with the provision that if any of his children should die before expiration of the trusteeship, leaving issue, said issue should take only the share that would go to his child if living. As against the contention of testator's grandchildren that they were contingent remaindermen, this court held that a fee simple title vested in testator's children, there being no language vesting the legal title in the trustee, the trust being for the purpose of control and management of the property only. It was said that it was the intention of the testator to vest the entire estate in his children with a postponement of their right to enjoy the possession thereof in severalty for a period of years.

Similarly, in *Wallace* v. *Wallace,* 179 Ark. 30, 13 S. W. 2d 810, it was held that a clause with reference to maintaining certain farms intact for 25 years did not prevent the vesting of the fee in the brothers and sisters and a sister-in law of appellant to whom he referred as his legal heirs. The cause there involved is as follows:

"4. It is my desire and I do hereby will that my two plantations situated in Howard county, Arkansas, and known as the McDaniel and Block farm be held intact and in trust for my legal heirs for the term of twenty-five (25) years after my death. The manager or superintendent of said farm is to use my office or residence in Saratoga, Arkansas, as a residence or business office, the net proceeds of the rental of said farm to go to my legal heirs each year. After the twenty-five years have expired said lands may be sold or divided for the benefit of my said heirs.''

This court said, as against the contention of a nephew that he was entitled to part of the proceeds of a sale of certain of the lands, or that he was at least a contingent remainderman who might take as one of the heirs of the testator surviving at the end of the twenty-five-year period, that there was no intention on the part of the testator expressed in the will to disinherit the "legal heirs" for a period of twenty-five years or any other time.

As a matter of fact, the testator here could and did postpone the vesting of the fee until the youngest of his children reached the age of twenty-one years, but this did not diminish the estate granted. In *Fleming* v. *Blount*, 202 Ark. 507, 151 S. W. 2d 88, it was held that where a testator devised one-third of his real estate to each of three children, but directed that none of the real estate be divided or sold for a period of eleven years, they would take title in fee simple to one-third each at the expiration of that period. There the testator stated purposes to compel frugality and education. There was a clause providing that if either of his children should die, the other two should share equally in the estate, and if two should die, the entire estate should go to the third.

The holding of this court in *Jackson* v. *Sanford*, 208 Ark. 888, 187 S. W. 2d 945, seems persuasive here. Sanford died testate, leaving six children. His wife predeceased him. Two of the children, a son and a daughter, died without issue, one leaving a widow as his sole devisee and legatee. The will contained this clause:

"Third. At the death of my beloved wife, I direct, devise and bequeath all of said property remaining and undisposed of by her shall be divided equally, to share and share alike, between our children, as follows: Stephen Wyatt Sanford, Ollie Mae Hudson, Florrie Sanford, Robbins S. Sanford, Sloan M. Sanford, and John William Sanford; and in the event that either of said children shall die without issue, then the interest of said child so dying shall

go to the said children living, to share and share alike."

It was contended that the son took only a determinable or contingent fee and that his share would go to the remaining children, share and share alike. The court held that the children were vested with a fee simple absolute title upon the death of the father. The court said that the lands could not be divided equally among the children if a child would take a determinable or contingent fee in his share of the estate, dependent upon the birth of issue thereafter, holding that the defeasance clause meant dying without issue before testator's death, or, if his wife had survived him, before her death. There could not be an equal division, said the court, where a child having issue would take the fee immediately and others would take a determinable or contingent fee, depending on issue in the future. This statement seems particularly applicable here.

"* * * Here, these two without issue died six years after their father's death. They might have lived 10, 20, 30 or 40 years after his death, during which time it is easy to perceive the uncertainty of the title to their shares of said estate and their impotency to hold, use, sell or enjoy same."

It has also been held that a will provision that the residuary estate should be divided equally between a son and a daughter, but in the event of the death of either, the heirs of their body would take his or her share per stirpes meant that if they survived him, then they took the fee title. The clause with reference to death was said to mean the decease of either prior to the death of the testator. *Ramseur v. Belding*, 206 Ark. 415, 175 S. W. 2d 977.

In *Harrington v. Cooper*, 126 Ark. 53, 189 S. W. 667, it was held that a defeasance clause related to the time of death of the widow of testator. He devised cer-

tain lands to his widow and daughter during the life of the widow stating that at the death of the widow he desired and intended that the daughter should take the entire interest in her own right should she survive her mother. The defeasance clause provided that should the daughter die childless the whole should revert to his estate and be equally divided between his other children and their descendants. This resulted in the vesting of a fee simple title in the daughter upon the death of her mother. The estate would revert only if she should die without leaving a child before her mother's death.

Following the decisions hereinabove set out can only lead to the conclusion that fee simple absolute vested in the Kirk children when the last attained his majority.

If, however, it could possibly be said that this will is not clear on this point, but is doubtful, ambiguous or capable of more than one construction, still appellants could not prevail over settled rules of construction resorted to in such circumstances in this state for many years.

In case of doubt, the construction of a will is favorable to the first taker because it is against the policy of the law to tie up property. *Cross* v. *Manning,* 211 Ark. 803, 202 S. W. 2d 584. The law favors the vesting of estates as early as possible and if a will is capable of a dual construction, by one of which the estate becomes vested and by another it remains contingent, the former will be adopted. *Booe* v. *Vinson,* 104 Ark. 439, 149 S. W. 524; *McCarroll* v. *Falls,* 129 Ark. 245, 195 S. W. 387; *McKinney* v. *Dillard* & *Coffin Co.,* 170 Ark. 1181, 283 S. W. 16; *Doake* v. *Taylor,* 195 Ark. 490, 112 S. W. 2d 958; *Hargett* v. *Hargett,* 226 Ark. 929, 295 S. W. 2d 307.

Where any ambiguity exists in a will, such a construction should be given it as favors the heirs at law in preference to persons not so closely related to the testator. *Yeates* v. *Yeates,* 179 Ark. 543, 16 S. W. 2d 996, 65 ALR 466. See, also, 95 C. J. S. 842, Wills, § 616, and 95 C. J. S. 845, et seq., Wills, § 617b.

654

While the provisions of a will should be so construed as to avoid any conflict, the last clause in the will governs in ascertaining a testator's intention in case there is any conflict. *Little* v. *McGuire,* 113 Ark. 497, 168 S. W. 1084; *Gist* v. *Pettus,* 115 Ark. 400, 171 S. W. 480; *Bowen* v. *Frank,* 179 Ark. 1004, 18 S. W. 2d 1037; *Thomason* v. *Phillips,* 192 Ark. 107, 90 S. W. 2d 228; *Stayton* v. *Stayton,* 198 Ark. 1178, 132 S. W. 2d 830.

Where an estate in lands is created by will, it will be deemed to be an estate in fee simple if a less estate is not clearly indicated. *Ramseur* v. *Belding,* 206 Ark. 415, 175 S. W. 2d 977; *Ollar* v. *Roy,* 212 Ark. 682, 207 S. W. 2d 313.

All rules of construction lead to the conclusion that the chancellor was correct.

Affirmed.