Oldham, J. This was an action of debt by Cunningham against Cheatham upon a delivery bond. The declaration sets out the bond and the condition. The breach specially negatives the delivery of the property, according to the condition of the bond, and avers that the sheriff returned the bond as 'forfeited. The defendant demurred, and assigned as causes for demurrer, that there was no averment in the breach, that the execution had been returned unsatisfied, and that the original debt had not been paid. The court sustained the demurrer. The plaintiff has brought the case into this court by wilt of error, and assigns for error the decision of the court below upon the demurrer to the declaration. A breach may be considered well assigned, if it be in the words of the contract, either negatively or affirmatively, or in words co-extensive with its legal import, or effect. Phillips & Martin v. Gov., 2 Ark. R. 382. The breach in this case contains a complete denial of the performance of the condition of the borid, and, according to the well established rules of pleading, is sufficient. The case of McKnight v. Smith, 5 Ark. R. 409, and other cases, to the same effect, are not analagous to the one now before the court. The proceedings in those cases were summary, and without actual notice, and it was there held that the record should affirm the facts as evidence of a constructive notice, for the purpose of .showing the court possessed jurisdiction of the parties and of the subject matter. But the present case is a regular action according to the course of the common law, with actual personal notice upon the defendant, by summons legally executed. The causes assigned for demurrer are matters of evidence, to be brought forward by plea, and it is not necessary that the plaintiffs should deny them by anticipation. We consider the breach well assigned, and consequently that the Circuit Court erred in sustaining the demurrer. Reversed.