Feltman v. Butts, &c.

CASE 22—PETITION EQUITY—SEPTEMBER 12.

# Feltman v. Butts, &c.

### APPEAL FROM KENTON CIRCUIT COURT.

1. DEVISE TO HEIRS OF DEVISEE IN REMAINDER.—"I now give the said lot to my brother Samuel during his life, and after his decease I will said lot to his heirs." *Held*, that in the above the devise is to Samuel during his life, and after his decease to his heirs; that at his decease the devise takes effect in favor of those persons who are then his heirs.

2. PROOF OF WILL AND CODICIL BY SAME SUBSCRIBING WITESSSES.—
"Commonwealth of Kentucky, Kenton County, *Sct.*
"A writing purporting to be the last will and testament of B—, deceased, together with the codicil annexed thereto, was produced in court for probate, and proved by the oaths of P— and H—, subscribing witnesses thereto. Whereupon the same is established as and for the last will and testament of the said B—, deceased, and ordered to be recorded, which is accordingly done," etc. *Held*, that from the above it appears that the will and codicil were both produced in court for probate; that the names of the subscribing witnesses were on both papers; that the will and codicil were both proven by the subscribing witnesses, and were established as and for the last will and testament.

3. "HEIRS" AND "CHILDREN."—See opinion for a reference to cases in which these words are discussed and interpreted.
"*Heirs*," when used in reference to a living person, as the ancestor, means in its popular sense children who are heirs apparent.
In this case of a devise to S. for life, and after his decease *to his heirs*, the court say: "As S. had living children at the date of the will, we can not hesitate to conclude that the testator used the word heirs in the instrument in place of and for children."

4. WILLS PROBATED BEFORE THE REVISED STATUTES WERE ADOPTED. In such cases the rights of the parties must be determined by the laws in force then, and not by the laws subsequently enacted.

5. HEIRS AND DEVISEES ARE LIABLE for all debts and liabilities of the ancestor or testator to the extent of lands acquired by descent or devise. See statute of 1796 (1 M. & B. Statute Laws, 742), and also section 5 of chapter 40, Revised Statutes (1 Stanton, 552).

Feltman v. Butts, &c.

6. DEVISEES IN REMAINDER WERE NOT DIVESTED OF THEIR ESTATE by the proceedings, judgment, and sale thereof, in a suit to which they were not parties.

STEVENSON & MYERS, . . . . . . . . For Appellant,

CITED

Revised Statutes, section 2, chapter 4, 2 Stanton, 546.
Story's Equity, sections 142, 145.
Cooper's Equity Pleading, 36.
2 Jarman on Wills, pages 13, 14.
9 Vesey, 37, 52, 59, Loyd v. Jones.
16 Vesey, 326, Cockburn v. Thompson.
1 Schoales & Lefroy, 407–8, Gifford v. Hort.
1 Equity Abridged, 400, pl. 4, Dayrell v. Champress.
6 Simmons's Reports, 643, Gaskell v. Gaskell.
14 B. Monroe, 450, Turman v. White.

W. S. RANKIN, . . . . . . . . . . . For Appellee,

CITED

Story's Equity, page 84 and note; 77, 84 and note.
Story's Equity, section 135a, and sections 136–148.
Mitford's Equity Pleadings, 173, 174.
2 Jarman on Wills, side page 14, note 1, page 15.
4 Pickering, 198, 211, Bowers v. Porter.
4 Kent, top page 199, 8th edition.
2 B. Monroe, 166, Thompson v. Thompson.
10 B. Monroe, 58, Prescott v. Prescott's heirs.
10 B. Monroe, 194, Black v. Cartwell, &c.
14 B. Monroe, 450, Turman v. White's heirs.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellees against appellant and others to recover a house and lot in the city of Covington, and judgment having been rendered in their favor in the court below, Feltman, a defendant in that court, prosecutes this appeal.

Appellees claim title to the property under the will of Edward Butts and the codicil annexed thereto, which codicil reads as follows: "I, Edward Butts, of the city of Covington, Ky., do hereby make and publish this codicil to be added

to my last will and testament, in manner following, to wit: Whereas in my will I gave to Elizabeth Butts, my niece, a certain lot of ground described in said will, and whereas I wish to change my will in that devise, do alter and change the aforesaid will as follows: I now give the said lot to my brother, Samuel Butts, during his life, and after his decease I will said lot to his heirs. And lastly, it is my will and desire this, my present codicil, be annexed to and made a part of my will and testament aforesaid. In witness," etc.

Appellant claims title to the property through the purchaser thereof at a decretal sale ordered in a suit in equity instituted in the Kenton Circuit Court of E. Butts's executors v. E. Butts's heirs, &c., a partial transcript of which is filed as an exhibit in this case.

Appellant's first objection to the judgment is that the evidence of the execution of the codicil by the testator, and of the probate thereof, is insufficient to uphold it.

From the transcript before us it appears that the same persons who attested the execution of the will attested the codicil, and the clerk of the court before which the document was offered for probate makes the following certificate:

"COMMONWEALTH OF KENTUCKY, } *Sct.* OCTOBER TERM, 1848.
    KENTON COUNTY COURT.

" A writing purporting to be the last will and testament of E. Butts, deceased, together with the codicil annexed thereto, was produced in court for probate, and proved by the oaths of S. C. Perrin and Alex. Hughes, subscribing witnesses thereto. Whereupon *the same* is established as and for the last will and testament of the said E. Butts, deceased, and ordered to be recorded, which is accordingly done," etc.

It may be conceded, as stated by counsel for appellant, that a will and a codicil are different instruments, usually executed at different times; that the one may be valid and the other

not; that the one might be properly admitted to record, while the other should not be; and to give effect to both it must appear from the record that they were both produced in court, proved, and ordered by the court to be recorded; which he insists do not appear. It can not be doubted from the certificate of the clerk that the will and codicil were both produced in court for probate, and it appears therefrom that whatever paper or papers on which the names of S. C. Perrin and Alexander Hughes appeared as subscribing witnesses they proved; and as their names are on both papers, it follows irresistibly that they were both proved by the subscribing witnesses, the codicil as well as the will, and were established as and for the last will and testament of Edward Butts.

Next it is contended that as Samuel Butts was living, and then could have had no heirs, that the devise operated as a fraudulent conveyance within the meaning of sec. 2, chap. 40 of the Revised Statutes, p. 546, and was therefore void.

The testator died and his will was probated before the Revised Statutes were adopted; consequently the rights of the parties must be determined by the laws in force then, and not by laws subsequently enacted. But the statute of 1796 (1 M. & B. S. L. 742) declares that the heir shall be liable for the debts of the ancestor to the extent of the lands he shall acquire by descent from him, and the devisee shall be liable and chargeable in the same manner as the heir at law, which is substantially re-enacted by sec. 5, chap. 40 of the Revised Statutes, *supra*.

No doubt can arise as to the liability of the estate of the testator for his debts under the law as it existed at his death. But the real questions are whether appellees, under the designation of heirs of Samuel Butts, took any estate in the lot in controversy; and if they did, were they divested of that estate by the proceedings, judgment, and sale in the case of Butts's executor v. Butts's heirs, &c., heretofore referred to.

The testator, in express terms, gave to Samuel Butts a life-estate only in the lot, and at his death he wills it to his *heirs*. It is manifest from this plain language of the instrument that the testator intended to dispose of the estate in remainder in the lot, and intended that the persons designated therein as the heirs of his brother Samuel should take it.

In Turman v. White, 14 B. Mon. 450, in construing a deed from David to Solomon White, in which the former says, in consideration of love and affection for the latter, and for the further consideration of one dollar acknowledged to have been paid by him, he "gives and grants to the said Solomon White during life, and then to his heirs and executors," etc., this court, after a reference to numerous cases on the question, said (Chief Justice Marshall delivering the opinion of the court) that the word "heirs" is susceptible of two interpretations; the one which is technical, and embraces the whole line of heirs; the other not technical, but common, and is used to denote the persons who may come under the denomination of heirs at a particular time, and it is often used in common speech as synonymous with children. If the use and interpretation of the word as it stands in this instrument would make the clearly-expressed limitation to the heirs illegal and void, that is itself a reason, under a settled rule of construction, for giving to it, if it can be reasonably done, that interpretation which would make the limitation legal and valid, and thus effectuate the intention of the parties.

In Thompson v. Thompson, 2 B. Mon. 166, "it is said by this court that the intention of the parties is a fundamental and should be a governing principle in all cases."

That expositions are to be made according to common intendment is agreed by all. To whatever instrument construction is being given, the words which have been employed by the author should be taken in the sense in which he understood them. And in cases in which technical rules have been

applied to particular expressions by the court, if we are satified, after an examination of the instrument, that those technical rules will not carry out but defeat the intention of the author, the technical rules must yield to the intention, and such a construction must be given as will effectuate it. (Moore v. Moore, 12 B. Mon. 56.)

In the will before us the devise is to Samuel Butts · during his life, and after his decease to his heirs. On the happening of that event the devise takes effect in favor of those persons who are then his heirs. This interpretation will give effect to the evident intention of the testator; and for that purpose we can not hesitate to adopt that interpretation of the word.

But in Turman v. White's heirs, *supra,* this court said the word "heirs" is susceptible of another interpretation, which would make the limitation consistent with the rules, and that is to take it as meaning children, with which it is known to be commonly, or at least frequently, used as synonymous by persons unskilled in the legal sense of words. As in the case of Harper v. Wilson the court knew the popular sense of the word "heir" in the context of that will, so we know that "heirs" when used in reference to a living person, as the ancestor, means in its popular sense children who are heirs apparent. Then as Samuel Butts had living children at the date of the will, we can not hesitate to conclude that the testator used the word heirs in the instrument in place of and for children.

But if this will could be brought within the operations of the Revised Statutes, as intimated by the learned counsel for appellant, then by sec. 10, chap. 80, 2 Revised Statutes, page 545, the limitation in this will would be made effectual by statute.

Without elaborating the question farther, we are satisfied, upon the authorities cited, that the proper interpretation was given to the instrument by the circuit judge, and that appel-

lees were not parties to nor bound by the proceedings and judgment in the case of Butts's executors v. Butts's heirs, &c., aforesaid.

And perceiving no error in the details, the judgment must be affirmed.