BERNSTEIN v. BRAMBLE.

Opinion delivered January 28, 1907.

WILL—REPUGNANCY OF LIMITATION.—Where property is devised to the first taker in fee simple, with limitation over to another at the former's death, the limitation over is void for repugnancy.

Appeal from Miller Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*Webber & Webber,* for appellants.

Though the provision in the will that all the estate remaining at the death of the testator's wife, and not disposed of by her by will or other writing, should pass to the testator's brother and sister, or their heirs, would be void in a deed, it is good as an executory devise. As to the law of executory devises, see 3 Ark. 147. The rule in the construction of wills is to give effect to what appears to be the intent of the testator, in view of the provisions of the whole will. If this intention can be ascertained, it should be carried out, unless contrary to law or public policy. 13 Ark. 518; 73 Ark. 60; 3 Pet. 377; 6 Pet. 68; 6 S. W. 412; 89 Tex. 452; 37 S. W. 995; 65 S. W. 891; 102 Mo. 122; 45 L. R. A. 53. In the case of *Howard* v. *Carusi,* 109 U. S. 725, which is relied on by appellee, the first taker had devised, under the power given him, all the property to certain persons which had come to him from the original testator; hence there was no property to which the executory devise to the nieces could apply. But in this case the wife of the testator did not dispose of the property, but dealt with it as a life estate, and used it, as the testator intended, for her support during her life, and left it to be passed on to his brother and sister. 127 U. S. 300.

It is held that, notwithstanding a gift is absolute, where the testator gives the remainder of the estate over with as much clearness as the preceding words give the absolute estate, the intention of the testator is manifested as much by the last clause as by the first, both clauses are equally operative, and the last may no more be disregarded than the first. 68 Conn. 207; 107 Ill. 443; 28 Ind. App. 443; 102 Mich. 248; 75 N. Y. App. Div. 26; 9 Pac. 265; 18 N. W. 115.

*W. H. Arnold,* for appellees.

It is essential to the validity of an executory devise that it can not be defeated by the first taker. If the absolute right of property is given to the first taker, a limitation over is void.

The absolute right of ownership carries with it full power of disposition of the property. 3 Ark. 187.

In order to create a trust, it must appear that the words used were intended to be imperative; and when property is given absolutely and without restriction, a trust is not to be lightly imposed, upon mere words of recommendation and confidence. 73 Ark. 56. In this case the language of the will devising the property absolutely is clear and emphatic, and under it the wife took the property "in fee simple forever." At her death it must go to her heirs. See, also, 61 Ark. 366; 49 Md. 497; 109 U. S. 725; 4 Kent's Com. 271; 29 Am. Rep. 495; 50 Am. Rep. 703; 2 Redfield on Wills, (3 Ed.), 278; 59 Am. Rep. 748; 73 S. W. 664; 5 Mass. 500; 7 L. R. A. 517; 68 Ark. 409; 26 Am. Rep. 344; 38 S. W. 511; 51 Ark. 61; 52 Ark. 113; 126 Fed. 701; 8 L. R. A. 696; 13 L. R. A. 359.

BATTLE, J. Henrietta Bernstein and the heirs of Moritz Elle, deceased, brought suit in the Miller Chancery Court against Charles E. Bramble, as administrator of Minna Elle, deceased, and the heirs of Minna Elle, deceased, to secure construction of will and to recover certain real estate in Texarkana, in this State, and personal property, claiming the same under so much of the last will and testament of Gustav Elle, deceased, as is in the following words:

"All the rest, residue and remainder of my estate, real as well as personal, and wheresoever situated, I hereby devise, give and bequeath to my beloved wife, Minna Elle, to have and to hold the same in fee simple forever. But in the case of the death of my beloved wife it is my will that all the estate then remaining and not disposed of by her by a last will or other writing shall pass to my said brother, Moritz Elle, and my sister, Henrietta Bernstein, or their heirs in equal parts."

Plaintiffs allege that Henrietta Bernstein is the sister mentioned in the will, and the other plaintiffs are the heirs of Moritz Elle, the brother mentioned in the will, now deceased: that Minna Elle died without a will, leaving the property sued for undisposed of by will or otherwise, and without ancestors or descendants; and that the defendants are her heirs. They demurred to the complaint, and the court sustained the demurrer, and plaintiffs appealed.

Appellees insist that Gustav Elle devised the property sued for to his wife in fee simple, and that the following clause in

the will is void: "But in case of death of my beloved wife it is my will that all the estate then remaining and not disposed of by her by a last will or other writing shall pass to my brother, Moritz Elle, and my sister, Henrietta Bernstein, or their heirs in equal parts."

In *Moody* v. *Walker,* 3 Ark. 187, the court said:

"It is essential to the validity of an executory devise that it can not be defeated by the first taker. If the absolute right of property is given to the first taker, the limitation over is void. For if a legatee possesses the absolute right of property, he certainly has the power of disposing of it in any way he may think proper, and therefore he might defeat the devise or limitation over. If a testator gives property absolutely, in the first instance, to a legatee, he can not afterwards subject it to any limitation or provision whatever, as for example that he shall hold it for a life, or that he shall not spend it in a particular manner. The absolute right of ownership carries with it full power of disposing of the property."

In *Howard* v. *Carusi,* 109 U. S. 730, the court said: "This will gives, first, an estate in fee simple to Samuel Carusi; it contains, second, the expression of a hope and trust that he will not unnecessarily diminish the estate; and, third, it gives to the nieces of the testator so much of his estate as Samuel Carusi shall not at his death have disposed of by sale or devise. We have, then, devised to Samuel Carusi an estate in fee simple, with an absolute power of disposition either by sale or devise clearly and unmistakably implied. Therefore, according to the adjudged cases, the limitation over to the nieces of the testator is void."

In *Rona* v. *Meier,* 29 Am. Rep. (Ia.) 495, the court said:

"It is fully settled by authority that if the first taker has the power, by the terms of the will, to dispose of the property, he must be considered the absolute owner, and any limitation over is void for repugnancy."

In the case of *Stowell* v. *Hastings,* 59 Am. Rep. 748, 59 Vt. 494, it was held that: "Where a will gave to the testator's wife the residuum for her benefit and support, to use and dispose of as she may think proper, and then provided that if any of the

estate should be left in her possession at her death it should be equally divided between the brothers and sisters of the testator, the wife took an absolute estate, and that the remainder over was void for repugnancy."

In the case of *Roth* v. *Rauschenbusch*, (Mo.) 73 S. W. 664, it appeared that: "A testator by the second paragraph of his will, gave his whole estate to his wife 'absolutely and forever.' In the following paragraph he provided that it was his will that if any of the property remained undisposed of after her death, it should go to his blood relations. *Held,* that the wife took a fee simple, and that hence the attempted disposition over was void, and the blood relations took nothing thereby."

Chancellor Kent in his commentaries says: "If there be an absolute power of disposition given by the will to the first taker, as if an estate be devised to A in fee, and if he dies possessed of the property without lawful issue, the remainder over, or remainder over the property which he, dying without heirs, should leave, or without selling or devising the same; in all such cases the remainder over is void because of the preceding fee; and it is void by way of executory devise, because the limitation is inconsistent with the absolute estate expressly given or necessarily implied by the will." 4 Kent's Com. (13 Ed.), marginal page 270.

In the 3d Edition of Redfield on the Law of Wills, Vol. 2, page 278, it is said: "It is a settled rule of American as well as English law that where the first devisee has the absolute right to dispose of the property in his own unlimited discretion, and not a mere power of appointment among certain specified persons or classes, any estate over is void, as being inconsistent with the first gift. Thus a devise to the testator's son P of certain real and personal estate, and to his heirs and assigns forever, adding, that if P should die, and leave no lawful heirs, what estate he should leave to be equally divided between another son and a grandson of the testator, naming them, it was held the devise over was void, as being inconsistent with the absolute interest in the first devise. This exclusion of the devise over depends upon whether the first taker has the absolute right to dispose of the property."

In the second volume of Underhill on the Law of Wills

it is said: "It is the rule that where property is given in clear language *sufficient to convey an absolute fee,* the interest thus given shall not be taken away, cut down or diminished by any subsequent vague and general expressions. This rule is applied where a fee is given either expressly by words of limitation, as to a person and his heirs, or by implication by a devise in general language through the operation of the modern statutes. If it is clearly the intention of the testator that the devisee *shall own the fee simple,* his subsequent language, directing that what remains of the property at the death of that devisee shall devolve upon a particular person or class of persons, will not cut down the fee to a life estate. The fee, being vested by express and appropriate words, will not be diminished by subsequent words of a vague and general character which are absolutely repugnant to the estate granted. Thus, a gift absolutely to A 'with all the power and rights that the testator enjoyed,' with a direction that he should make a will leaving what remains of the property at his death to certain persons named, or a direction that certain legacies are to be paid, after the death of the devisee, out of the proceeds of the land, which is devised absolutely; that certain property absolutely bequeathed should on the death of the devisee go to his children, or a gift to A with full power to alienate, convert or dispose of and upon his death as much of it as remains to his children, does not diminish the estate given to a life estate." Vol. 2, § 689.

In Page on Wills, § 684, it is said: "It not infrequently happens that a testator disposes of property in fee, and then attempts to provide for the disposition of the property after the death of the devisee in fee simple. A provision of this sort is to be carefully distinguished from the cases where a fee simple is cut down to a life estate by a devise over after the death of the first taker. The distinction between the two classs of cases, though not strongly marked, is well recognized by the courts. If the devise over upon the death of A is intended to pass the entire property, it is evident that the testator contemplated that A should take only a life estate, without any power of disposing of his property for a longer term than his own life. But where the devise over upon the death of A shows that A was vested with a fee simple estate, and that testator wishes him

to have such an estate, but to direct the course of its descent upon his death, the limitation over after the fee is repugnant to the nature of the estate and void.   *   *   *   A condition that if devisee does not dispose of his property in any way during his lifetime it shall pass to certain named persons is held to be void." See Gardner on Wills, 466.

The property in controversy was devised to Minna Elle in fee simple, "with an absolute power of disposition either by sale or devise clearly and unmistakably implied." According to the autorities cited, the limitation over to Moritz Elle and Henrietta Bernstein is void.

Judgment affirmed.