THOMPSON *v.* ARKANSAS NATIONAL BANK OF HOT SPRINGS, TRUSTEE.

4-9754                                   249 S. W. 2d 958

Opinion delivered June 30, 1952.

*Leo P. McLaughlin* and *Richard M. Ryan,* for appellant.

*Rose, Meek, House, Barron & Nash,* for appellee.

HOLT, J. Mrs. Fern O. Rix died testate September 2, 1941. She left surviving her adopted son, Howard Neil Rix, and her sister, (appellant) Mrs. Madelyn Thompson. Appellee, Arkansas National Bank of Hot Springs, was named in the will as executor and trustee and filed petition in the Garland Chancery Court for a construction of the will and specifically Paragraphs four and five thereof.

Paragraph four provides: "I give, devise and bequeath specifically as follows: To my trustee hereinafter named, to be held by it in trust and to be apportioned and distributed as follows: One-third (1/3) of the income of my estate to my beloved sister, Mrs. Madelyn Thompson, during her lifetime, and request that she be appointed the guardian of the person of my adopted son, Howard Neil Rix, knowing that she will provide for his maintenance, education and welfare as fully and well as I would or could do; two-thirds of the income of my estate to my beloved adopted son, Howard Neil Rix, until he attains the age of twenty-one (21) years, at that time the two-thirds (2/3) herein bequeathed to him to vest in him absolute and forever; but in the event my beloved adopted son, Howard Neil Rix, should die without issue before he attain the age of twenty-one (21) years then, and in that event, his two-thirds (2/3) interest in my estate is to vest in my sister, Mrs. Madelyn Thompson, absolutely and forever, also the one-third (1/3) interest in my estate, the income of which I have bequeathed to my beloved sister, Mrs. Madelyn Thompson, for life, is in that event to vest in her absolutely and forever; but if he, my adopted son, Howard Neil Rix, die leaving an heir or heirs, then said two-thirds (2/3) interest in my estate to vest in said heir or heirs, share and share alike. In the event of the death of my sister, Mrs. Madelyn Thompson, prior to the death of my adopted son, Howard Neil Rix, then the one-third (1/3) interest in my estate, the income of which I have herein devised and bequeated to her, shall vest in my adopted son, Howard Neil Rix, absolutely and forever, but in event my adopted son should predecease her, then, in that event, said one-third (1/3) interest in my estate at her death, to vest in his heir or heirs, absolutely and forever. I do however specifically request that any and all of my stock that I own in the Arkansas National Bank of Hot Springs, be not sold by my trustee hereinafter named; that the income of said stock only be used, that it be held intact by it until my adopted son, Howard Neil Rix, attain the age of twenty-one (21) years at which time it is to be delivered to him to then be and remain

his absolutely and forever," and Paragraph five provides:

"In event neither my sister, Mrs. Madelyn Thompson, nor my adopted son, Howard Neil Rix, should live to take absolute title under this my last will and testament, that is, if they should both die before title vests absolutely in them, then, in that event, and in that event only, I give, devise and bequeath my entire estate absolutely and forever to the Reverend Paul F. Desmond, Pastor of the Church of the Immaculate Conception of Fort Smith, Arkansas, to be by him, entirely at his discretion, disposed of for Christian and charitable purposes."

Appellant argued below, and contends here, that under this will, her sister, Fern O. Rix, intended to give her a 1/3 interest in the trust estate, and that she (appellant) became invested absolutely with an undivided 1/3 part of the trust estate. On the other hand, appellee, Howard Rix, argued below, and contends here, that Mrs. Thompson's interest was limited to a right to receive a 1/3 interest in the income from the entire estate for her life only.

The Chancellor sustained Howard Rix's contention and held that, since Howard had reached the age of twenty-one, he "has the sole, indefeasible, fee simple ownership of the one-third interest in the *corpus* of the trust created under Paragraph 'Fourth' of the said Will of Fern O. Rix, his title to said one-third interest being subject only to—(a) The beneficial life estate in such one-third interest heretofore adjudged in favor of Mrs. Madelyn Thompson through the decree herein on June 16, 1951, and (b) The trusteeship created under Paragraph 'Fourth' of said Will, which trusteeship will terminate on the death of Mrs. Madelyn Thompson. Such title and ownership of Howard N. Rix is forever quieted and confirmed as against any claim of Mrs. Madelyn Thompson."

From the decree is this appeal. The decree was correct.

It is conceded (as the court found) that Howard N. Rix became twenty-one November 20, 1950, and that he now owns absolutely the 2/3 interest in the trust estate. The 1/3 interest only in the entire trust estate is involved here.

In construing a will and determining the testator's intention by the language used, " 'We must look to the will to determine the testator's intention, but in getting this view we should place ourselves where he stood, and should consider the facts which were before him in deciding what he intended by the language which he employed. If the rule were otherwise, the making of wills would be so difficult that the very purpose of permitting this method of disposition of property would frequently be defeated.' We will, therefore, view the will from the arm chair of the testatrix, as some cases express it, not to determine what she intended to do, but to properly interpret the language which she employed." (*Ellisworth* v. *Arkansas National Bank, Trustee,* 194 Ark. 1032, 109 S. W. 2d 1258.)

"As sometimes expressed, the intent is to be ascertained from a full view of everything within the 'four corners of the instrument.' " (*Doake* v. *Taylor,* 195 Ark. 490, 112 S. W. 2d 958.)

Stripped of words not material, the will provides: "One-third . . . of the income of my estate to my beloved sister . . . during her lifetime, and request that she be appointed the guardian of the person of my . . . son . . . knowing that she will provide for his maintenance . . . as fully . . . as I would or could do . . .; but in the event my . . . son . . . die without issue before he attain the age of twenty-one . . . then . . . his two-thirds . . . is to vest in my sister . . . absolutely . . . also the one-third . . . interest in my estate the income of which I have bequeathed to my beloved sister . . . for life, is in that event to vest in her absolutely and forever; . . .

"In the event of the death of my sister . . . prior to the death of my . . . son . . . the one-third . . .

interest . . . the income of which I have . . . devised . . . to her shall vest in my . . . son . . . absolutely and forever, but in event my . . . son should predecease her, then . . . said one-third . . . interest in my estate at her death to vest in his heir or heirs, absolutely and forever.

". . . two-thirds of the income of my estate to . . . Howard . . . until he attains the age of twenty-one . . ., at that time the two-thirds . . . herein bequeathed to him to vest in him absolutely and forever; but in the event my beloved . . . son . . . should die without issue before he attain the age of twenty-one . . . in that event his two-thirds . . . interest in my estate is to vest in my sister, Mrs. Madelyn Thompson, absolutely and forever, also the one-third . . . interest . . . the income of which I have bequeathed to my beloved sister . . . for life, is in that event to vest in her absolutely and forever; but if he, my adopted son, . . . die leaving an heir or heirs, then said two-thirds . . . interest in my estate to vest in said heir or heirs . . ."

It appears clear to us that under these provisions, Howard was to receive only the income from an undivided 2/3 of the entire trust estate until he reached twenty-one, and we think it equally clear that the testatrix intended that when her son, Howard, reached twenty-one, his interest in this undivided 2/3 part in the trust estate should be changed from an income interest to a fee interest or absolute ownership. We hold under the above provisions that when Howard reached twenty-one, all contingencies in the will, save Mrs. Thompson's interest in the entire income only from 1/3 of the trust estate for life, passed out, and thereafter Mrs. Thompson's claim in respect to the 1/3 could never amount to more than a life estate. So that, as indicated, any possibility of Mrs. Thompson obtaining any fee interest in this estate ceased when Howard became twenty-one years of age, and her only interest became and is the income from the remaining 1/3 of this trust estate for and during her life only. In other words, when Howard arrived at twenty-one years

of age, he became the absolute owner of 2/3 of the entire estate. The remaining 1/3 of the estate is to be held by the trustee with the income thereof to go to Mrs. Thompson during her natural life, and after death the said 1/3 goes to Howard.

Affirmed.