COLLIE *v.* TUCKER.

5-1650

317 S. W. 2d 137

Opinion delivered November 3, 1958.

*Lawson E. Glover,* for appellant.

*William C. Gilliam,* for appellee.

GEORGE ROSE SMITH, J. Robert Lee Collie died testate on July 22, 1952, and his widow, Sarah F. Collie, died intestate on December 19, 1957. This case requires a construction of the husband's will in order to determine the ultimate disposition of certain real and personal property that Mrs. Collie received from her husband's estate and still held at the time of her own death. The appellants, who are the husband's collateral heirs, contend that Mrs. Collie was given only a life estate with a power of disposition and that at her death the devolution of the property now in dispute was controlled by her husband's will. The appellees, Mrs. Collie's collateral heirs, contend that she was given an estate in fee simple, so that the property should pass to them under the laws of descent and distribution. The trial court, construing Collie's will in connection with petitions filed by the appellants, held that Mrs. Collie had owned the property in fee.

The case turns upon the construction of these two paragraphs in the will of Robert Lee Collie:

"Third. After the payment of my debts, if any, and my funeral expenses I hereby give, devise and bequeath to my said wife, Sarah F. Collie, all of my property, real, personal and mixed of whatsoever kind of which I may die seized and possessed, including our home place in Malvern, Ark., bank stock, notes and mortgages and all other property of any and all kinds, although not herein specifically mentioned. In as much as I have no children and my said wife has aided me to accumulate what we have I feel that it is only just and right, that should she outlive me, all I have should be absolutely hers, and that is my will.

"Fourth. It is my will in case my wife should not use and dispose of all my property during her lifetime,

that whatever she may leave undisposed of, shall be equally divided between her heirs and my heirs.''

The probate court rightly concluded that this case is controlled by our decision, upon very similar facts, in *Bernstein* v. *Bramble,* 81 Ark. 480, 99 S. W. 682, 8 LRANS 1028. There the testator devised his residuary estate to his widow ''in fee simple forever,'' and, in the next sentence of his will, attempted to provide for the distribution of any of the property that the widow had not disposed of during her lifetime or by her will. It was held that the limitation over was void, being inconsistent with the fee simple devise to the widow. In discussing a number of authorities we pointed out the governing distinction: If the will, construed in its entirety, shows that the testator intended for the first taker to have an estate in fee simple, then any subsequent language attempting to direct the disposition of property remaining undisposed of at the death of the first taker is void. If, however, the will shows that the testator intended for the first taker to have only a life estate with a power of disposition, then the testator may direct the disposition of property remaining undisposed of at the death of the life tenant.

In the present case Collie left all his property to his wife and added the unmistakable direction that it should be ''absolutely hers.'' In view of this clear expression of Collie's intention that his widow would own the property outright instead of merely for life, the attempted limitation over must be declared void. We are not willing to set aside the rule of property that was announced in the *Bernstein* case and that has been adhered to ever since.

The four cases principally relied upon by the appellants are not out of harmony with the *Bernstein* decision. In two of them, *Little Rock* v. *Lenon,* 186 Ark. 460, 54 S. W. 2d 287, and *United States of America* v. *Moore,* 197 Ark. 664, 124 S. W. 2d 807, the original devise was modified by a codicil to the will, and we stressed the fact that the mere making of a codicil gives rise to

the inference of a change in the testator's intention. In the other two, *Jackson* v. *Robinson,* 195 Ark. 431, 112 S. W. 2d 417, and *Piles* v. *Cline,* 197 Ark. 857, 125 S. W. 2d 129, the testamentary language was insufficient to create a fee simple estate in the first taker; so the subsequent limitation over was not inconsistent with the first gift.

It is also contended by the appellants that the issue in this case was conclusively adjudicated during the administration of Robert Lee Collie's estate. Sarah F. Collie was the executrix of her husband's will, and in filing her final account she inserted a statement that "I am the sole legatee of said will and am entitled to all of the assets of said estate for and during my lifetime." The probate court order approving the account recites that Mrs. Collie is entitled to all the property in her husband's estate, to use and dispose of as she chooses, and that the remainder not disposed of at her death shall descend according to the terms of Collie's will "to their lawful heirs."

It is evident that Mrs. Collie misunderstood the legal effect of her husband's will, and that misconception was embodied in the order approving her final account. Since this order was also an order of final distribution, containing all the recitals enumerated in subsection (b) of Ark. Stats. 1947, § 62-2902, the appellants insist that subsection (d) of the statute requires that the order be given conclusive effect.

We do not agree with this view. The court was not called upon to determine the validity of the fourth paragraph in Collie's will, for a decision of that issue was not essential to a distribution of the estate. Ark. Stats., § 60-416. Subsection (a) of § 62-2902, governing the distribution order, contemplates that the distributees of the estate be given such notice of the hearing as the court may direct, to the end that questions pertaining to the distribution may be conclusively settled in an adversary proceeding. In the case of Collie's estate the only issue that could be determined when the final ac-

count was filed in 1953 was that of making a proper physical distribution of the assets of the estate. Even if the fourth paragraph of Collie's will had been valid, it could not be known in 1953 what property would be undisposed of at the date of Mrs. Collie's death or what persons would then prove to be the heirs of Mr. and Mrs. Collie. The statute certainly does not authorize the court to make a conclusive determination at a time when the essential facts cannot be known and when even the identity of the distributees cannot be ascertained. We think Mrs. Collie correctly interpreted the statute when she stated in her final account that she was the sole beneficiary of the estate, there being no other distributees under the terms of the will. As far as the issues presented by the 1953 distribution order were concerned, that statement was accurate.

It is plain that Mrs. Collie's heirs, the present appellees, are not bound by the distribution order under the doctrine of *res judicata*, for they were not parties to that proceeding. Nor are they concluded by the principle of virtual representation, as it cannot be said that Mrs. Collie fairly represented the same interest as theirs in that uncontested proceeding. Since the probate court order recited that Mrs. Collie was entitled to use and dispose of the property as she chose, she herself was not adversely affected by the unnecessary recital of how the unused remainder would descend at her death. Her misconstruction of the will was in fact antagonistic to the interest of the appellees. It would be manifestly unjust, as we observed in *Mixon* v. *Barton Lbr. & Brick Co.*, 226 Ark. 809, 295 S. W. 2d 325, to apply the doctrine of virtual representation as a basis for holding that these appellees have had their day in court.

Affirmed.

WARD, J., dissents.

PAUL WARD, Associate Justice, (dissenting). I have read many decisions of our court dealing with testamentary language similar to that contained in the *third* and *fourth* paragraphs in the will under consideration and I

am driven to the conclusion that the law is now in a state of uncertainty. The majority opinion certainly does nothing to clarify that uncertainty. In my opinion it is desirable to put an end to this confusion. I submit this can be done simply and only by adhering strictly to a rule of law relative to the construction of wills that has been clearly and repeatedly announced by this court. That simple rule, briefly, stated is that the courts should determine the intent of the testator from the four corners of the will. See: *Jackson* v. *Robinson,* 195 Ark. 431, 112 S. W. 2d 417; *Piles* v. *Cline,* 197 Ark. 857, 125 S. W. 2d 129; *Ellsworth* v. *Arkansas Nat'l Bk., Trustee,* 194 Ark. 1032, 109 S. W. 2d 1258; *Dyer* v. *Lane,* 202 Ark. 571, 151 S. W. 2d 678; *Dickens* v. *Tisdale,* 204 Ark. 838, 164 S. W. 2d 990; *McLane* v. *Chancey, Adm.,* 211 Ark. 280, 200 S. W. 2d 782, and; *Thompson* v. *Ark. Nat'l Bank,* 220 Ark. 802, 249 S. W. 2d 958.

Applying the above rule only one conclusion can be reached in this case, and that is that Robert Lee Collie meant for his heirs and his wife's heirs to have any property not disposed of by his wife at her death. The same rule would likewise determine the effect to be given to similar wills in the future.

Any attempt to make a distinction, under the above rule between the case under consideration and the *Piles* case, *supra,* as the majority has done, is tenuous and strained and lends itself to uncertainty and confusion. In the first case the devise of a fee was in one paragraph and the qualification was in another, while in the second case the devise of a fee is in one sentence and the qualification is in another sentence. This difference, I submit is one of rhetoric and literary composition which with many of us is not an exact science. The difference is not one of substance which should control the disposition of property.

In advocating the simple rule of *intent* I am not unmindful that it has some limitations. For instance we have said the *intent* must be determined from the words of the will and not from what the testator might have had

612

in mind. Also, as was said in the *Jackson* case, the *intent* must not be contrary to some rule of law (not to some rule of construction). These limitations, however, have no bearing on the case under consideration.