McCASTLAIN, COMMISSIONER *v.* BERRY

5-3811 401 S. W. 2d 38

Opinion delivered April 4, 1966

*Lyle Williams, Tom Tanner & Hugh Brown,* for appellant.

*Smith, Williams, Friday & Bowen* and *Wright, Lindsey & Jennings,* for appellee.

JIM JOHNSON, Justice. This appeal is from allowance of an estate tax marital deduction.

James E. Berry, an Arkansas resident, died testate in 1961. His widow, appellee Ruby M. Berry, was nominated and appointed executrix in Union Probate Court on August 21, 1961. A federal estate tax return was filed in September 1962. Both returns claimed the maximum allowable marital deduction, which was allowed by the Little Rock Internal Revenue office. On later review by the Dallas office, the marital deduction was disallowed. It was reviewed again in Washington and again disallowed on the grounds that the interest passing to appellee under her husband's will was subject to divestment. The estate was advised of this on November 17, 1964, and under protest paid appellant Arkansas Commissioner of Revenues the sum of $26,851.40 as additional Arkansas estate tax. On January 7, 1965, the estate filed a claim against appellant for refund of the additional tax. The trial court found that appellant had erroneously collected the additional tax and gave appellee judgment for the $26,851.40, from which comes this appeal.

The clauses of James Berry's will which triggered this litigation are as follows:

"3rd. I hereby will and bequeath unto my wife, Ruby M. Berry, all of the rest, residue, and remainder of my property, whether real, personal or mixed, that I may own at the time of my death in absolute fee simple estate and forever.

"4th. In the event my wife, Ruby M. Berry, predeceases me or dies simultaneously with me or dies before this will is probated, then in either of these events, I hereby will and bequeath unto my daughters, Margaret L. Berry and Robin N. Berry, share

and share alike, all of my property whether real, personal or mixed, that I may own at the time of my death, wherever the same may be situated in absolute fee simple estate and forever.''

For reversal appellant urges that the will did not create a fee simple estate which vested in appellee at the time of decedent's death, but created a terminable interest subject to divestment and therefore does not qualify for the marital deduction. More specifically, the Internal Revenue Service had disallowed the marital deduction on the grounds that the gift over in the fourth paragraph, *supra*, to decedent's daughters if his wife did not survive probate of the will, made the interest passing to appellee in the third paragraph, *supra*, subject to divestment and thus terminable (or non-qualifying) within the meaning of § 2056 of the Internal Revenue Code of 1954, which provides for the marital deduction. Disallowance of the marital deduction by the Internal Revenue Service increased the taxable estate thus creating an additional Arkansas estate tax liability against the decedent's estate, the $26,851.40 paid under protest.

The applicable rule was probably first expressed by this court in *Moody* v. *Walker,* 3 Ark. 187, very simply: ''If the absolute right of property is given to the first taker, the limitation over is void. * * * If a testator gives property absolutely, in the first instance, to a legatee, he can not afterwards subject it to any limitation or provision whatever, . . .'' In *Bernstein* v. *Bramble*, 81 Ark. 480, 99 S. W. 682, 8 L.R.A.N.S. 1028, the testator willed everything to his wife ''in fee simple forever'' and then provided that if his wife died without a will the estate would pass to his brother and sister. When the wife died intestate, the husband's brother and sister claimed the wife's estate under the provisions of the husband's will. After quoting a number of authorities including the *Moody* case, the court held that the property was devised to the wife in fee simple and the attempted limitation over to the husband's brother and

sister was void. In *Collie* v. *Tucker*, 229 Ark. 606, 317 S. W. 2d 137, which was controlled by *Bernstein*, appears the following:

"In the present case Collie left all his property to his wife and added the unmistakable direction that it should be 'absolutely hers.' In view of this clear expression of Collie's intention that his widow would own the property outright instead of merely for life, the attempted limitation over must be declared void. We are not willing to set aside the rule of property that was announced in the *Bernstein* case and that has been adhered to ever since."

The third paragraph of Berry's will clearly vests the property in appellee, and the attempted limitation or gift over in the fourth paragraph is ineffectual and void. It follows, therefore, that the bequest to appellee qualifies for the marital deduction.

Affirmed.