CLAUDIA H. AHRENS ET AL *v.* WILLIAM T. McNUTT, INDIVIDUALLY AND AS BEST FRIEND OF WILLIAM MICHAEL McNUTT ET AL

5-5604                                        467 S. W. 2d 721

Opinion delivered June 14, 1971

*Botts & Jenkins,* for appellants.

*Allen, Young & Bogard,* for appellees.

FRANK HOLT, Justice. This is an appeal from a decree holding that the will of Claude L. McNutt gave Inez H. McNutt, his second wife, a life estate only in a parcel of real property and that upon her death, appellee William T. McNutt (the testator's son and her stepson) became vested with the title to be held in trust for his children, the other appellees. The will in pertinent part provides:

"[I] BEQUEATH to my wife and companion, Inex[z] H. McNutt, for her, love, affection and happy companionship, all of my personal property, including all the cash on hand and in the bank, also all notes, bonds, corporation stocks, Building and Loan savings, also any and all personal property not listed herein.

I hereby further DEVISE, UNTO MY WIFE Inex[z] H. McNutt, all the real estate, including all real estate notes and mortgages, held in my name at the time of my demise, at which time this document shall become effective.

*CODICIL;*

Upon the demise of the Testator, Claude L. McNutt and the demise of the Legatee, Inez H. McNutt, all property, both personal and real, remaining in the estate of the Testator, Claude L. McNutt, I do hereby Devise and Bequeath to my son William T. McNutt, to be used by him, at his own discretion, for the education of his Children. The said William T.

McNutt, shall serve as Executor of the. Estate and shall serve without bond.

Read considered and signed in the presence of two witnesses, on the 17 day of Feb. 1961.''

About five years later an "Appendix" to this will provided that his wife would receive a fee simple title to his equity and interest in certain lands situated in another county.

Following the death of the testator in 1968, the will was duly probated and the estate distributed to Inez Mc-Nutt. The estate was closed on September 29, 1969. On September 25, 1969, Inez McNutt conveyed the house and lots by quitclaim deed to appellants (Claudia H. Ahrens, Elloise H. Jones and Ralph C. Haller), who are her nieces and nephew. Inez died on December 2, 1969 and thereupon appellees filed a petition asking the court to construe the will and asserting that by the terms of the will Mrs. McNutt was devised only a life estate, and that appellees now own the property as trustee and remaindermen. No testimony was taken and the case was submitted to the chancellor upon oral argument and memorandum briefs, together with the stipulations that the only property involved was a house and two lots, and that the deed executed by Inez McNutt and placed of record is true and correct.

For reversal of the decree which upheld appellees' contention, appellants assert that the will of Claude L. McNutt, on its face, showed no intention to limit the fee simple estate granted to Inez McNutt therein; that the wording of the so-called codicil provision of the will was not sufficient to limit the fee simple devise to Inez H. McNutt. In support of their contention, appellants argue that the wording of the codicil was not an attempt to limit the estate granted to Inez McNutt, but merely provided for the disposition of the testator's estate in the event his wife predeceased him or died simultaneously with him. Appellants cite the first sentence of the codicil:

"Upon the demise of the testator, Claude L. McNutt and the demise of the Legatee, Inez H. McNutt, all property, both personal and real, remaining in the estate of the Testator, Claude L. McNutt, I do hereby Devise and Bequeath to my son William T. McNutt, * * * ."

The appellants assert that had the testator not intended this provision to provide only for disposition of his estate in the event his wife predeceased him or died with him, there would have been no reason for him to include his name along with his wife's in the codicil portion of the will. Appellants also assert that the language in the codicil and the appendix, subsequent to the devise of a fee simple estate, did not clearly indicate an intention to diminish this devise to a life estate.

Appellees agree that if the grant to Inez McNutt is set forth in "clear language sufficient to convey an absolute fee" [*Gist* v. *Pettus*, 115 Ark. 400, 171 S. W. 480 (1914)] or there was an "unmistakable direction that it should be absolutely hers," [*Collie* v. *Tucker*, 229 Ark. 606, 317 S. W. 2d 137 (1958)] then there would be no controversy. In support of their contention that the will devised only a life estate to Inez with a remainder to appellees, the appellees forcefully argue that the use of the word *"Codicil"* as a caption to the paragraph pertaining to the asserted limitation, and the "Appendix" to the will, written five years afterwards, which granted to Inez the fee title to his equity and interest in property located in another county without mentioning any other property, are sufficient indicia of the testator's intent to give Inez only a life estate in the house and two lots.

We hold that the testator conveyed a fee simple estate to his wife and that the subsequent paragraph, or "Codicil," and the later "Appendix" did not diminish or reduce the fee simple estate to a life estate. This is in accord with the general rule of law which we recognized as controlling in *Bernstein* v. *Bramble*, 81 Ark. 480, 99 S. W. 682 (1907):

"\* \* \* It is the rule that where property is given in clear language *sufficient to convey an absolute fee,* the interest thus given shall not be taken away, cut down or diminished by any subsequent vague and general expressions. \* \* \* If it is clearly the intention of the testator that the devisee *shall own the fee simple,* his subsequent language, directing that what remains of the property at the death of that devisee shall devolve upon a particular person or class of persons, will not cut down the fee to a life estate. The fee, being vested by express and appropriate words, will not be diminished by subsequent words of a vague and general character which are absolutely repugnant to the estate granted."

Further, in *Ollar* v. *Roy,* 212 Ark. 682, 207 S. W. 2d 313 (1948) we also recognized that: "\* \* \* whenever an estate in lands is created by a will, it will be deemed to be an estate in fee simple, if a less estate is not clearly indicated."

Appellees rely upon that part of *Baum* v. *Fox,* 192 Ark. 406, 91 S. W. 2d 601 (1936), wherein this court cited with approval 28 R. C. L. 215, 216:

"The intention of a testator is to be collected from the whole will, and from a consideration of all the provisions of the instrument, taken together, rather than from any particular form of words. The intention is not to be gathered from detached portions alone, and the court should not consider merely the particular clause of the will which is in dispute."

Also cited is *McLaren* v. *Cross,* 236 Ark. 648, 370 S. W. 2d 59 (1963). However, in *Baum* v. *Fox, supra,* relied upon by appellees, the will read in part as follows:

"I wish to bequeath to my beloved wife, Sarah H. Wright, my house and three lots, \* \* \* Also my liberty bonds \* \* \* and my other moneys that may be received after all debts are paid. If she needs any assistance in managing the property, I appoint

my son, W. J. Wright, to assist to the best of his ability. After death of said Sarah H. Wright after the debts are paid all property and moneys are to be equally divided among my four children."

We held there that Sarah received the fee.

In *Collie* v. *Tucker,* 229 Ark. 606, 317 S. W. 2d 137 (1958), after devising his estate in fee simple to his wife, the testator then provided that:

"Fourth.   It is my will in case my wife should not use and dispose of all my property during her lifetime, that whatever she may leave undisposed of, shall be equally divided between her heirs and my heirs."

There we held that the limitation over was void and the fee simple estate was undiminished. In doing so we aptly said: "We are not willing to set aside the rule of property that was announced in the *Bernstein* case and that has been adhered to ever since."

In our view there was an intent clearly shown by the testator to give a fee simple estate to his wife in the first part of his will. There was not a clear intention in the succeeding paragraph, entitled "Codicil," or the subsequent "Appendix" to the will to reduce that estate to a life estate. Since we hold that an undiminished fee simple estate existed, it becomes unnecessary to consider appellants' other contention.

Reversed and remanded with directions for entry of a decree consistent with this opinion.