328

Martha Jean LANGSTON et al *v.*
Chester HUNT, Administrator

80-114                                                601 S.W. 2d 833
Supreme Court of Arkansas
Opinion delivered June 23, 1980

*John Robert Graves* and *William Randal Wright*, of *Graves &
Graves,* and *Hillary Rodham* and *Ken Shemin*, of *Rose Law Firm,*
for appellants.

*James H. Pilkinton, Jr.,* for appellee.

JOHN I. PURTLE, Justice. The Hempstead Probate Court
interpreted the Second Item in testator's will to convey a fee
simple absolute to the widow voiding the Third Item of the
will which attempted to divide the remainder of the estate to
other persons upon the death of the widow. The heirs of the
testator appeal.

On appeal it is argued that the Second Item did not con-
vey or invest a fee simple in the widow, and the court erred in
so holding. We agree with the trial court's interpretation that
the Second Item devised a complete estate to the widow.

The testator's will was prepared on June 14, 1936, when he and his wife had no children; and, following his death on May 29, 1977, it was admitted to probate on June 7, 1977. The final order of distribution was made at the time the testator's estate was closed on November 1, 1978. The order vested the entire estate in the surviving widow who died intestate on December 8, 1978. Her estate is involved in this appeal to the extent that the heirs of her husband claim half of the estate through the will of the testator.

The matter to be considered on appeal is a clear one. We must decide whether the Second Item of the will conveyed a fee simple to the widow or whether at her death the heirs of the decedent took the remainder according to the terms of the Third Item in testator's will. The pertinent parts of the will are as follows:

## FIRST

\*   \*   \*

## SECOND

I give to my beloved wife, Ethel Deliah Jones, all of my property, both real and personal, of every kind and character, wherever situated.

## THIRD

At the death of my said wife, Ethel Deliah Jones, I desire that all of my property of which she dies seized of shall be divided among her nearest relatives and my nearest relatives, share and share alike. In other words, it is my desire that my wife's nearest relatives and my nearest relatives share half and half in said estate, unless we should have children at the time of her death, in which event, the entire property, both real and personal, of every kind and character, wherever situated, is to be left to our children, share and share alike.

## FOURTH

\*   \*   \*

At the conclusion of the trial, the probate court found the Second Item was controlling because it devised a fee simple to the widow which defeated the request or intention of the testator to devise the remainder of the estate to a class of people upon the death of the widow. The court correctly cited several of our prior cases in support of the decree. The probate court invited this Court to reexamine our position of looking at the entire testamentary document with the purpose of giving effect to the reasonable and logical intent of the testator.

Our interpretation of wills has employed the rule of property used by the trial court since *Bernstein* v. *Bramble*, 81 Ark. 840, 99 S.W. 682 (1907). A rule of property so long in use has surely come to the attention of the General Assembly, and we assume meets with its approval. The mischief which would be caused by a sudden change in this position would no doubt be great. Without question, there are thousands of wills now in existence prepared in reliance upon the present rule.

The present rule simply stated is that a testator cannot give an estate in fee simple by clear and concise language and subsequently diminish or destroy the devise by use of other language. In other words, once the fee is given to a person or class of persons or other devisee, it cannot be thereafter taken away or diminished unless the terms are clear, unequivocal, and demonstrate the intent to limit the prior devise. Some cases supporting this well-established rule of property are *Bernstein* v. *Bramble*, supra; *Baum* v. *Fox*, 192 Ark. 406, 91 S.W. 2d 601 (1936); *Collie* v. *Tucker*, 229 Ark. 606, 317 S.W. 2d 137 (1958); and *Ahrens* v. *McNutt*, 250 Ark. 941, 467 S.W. 2d 721 (1971).

We can think of no good reason why a testator would not clearly limit the first devise if it were intended to convey less than a complete estate. It is as easy and simple to place limiting words in the first devise as it is to include words conveying a complete interest. We think it is a reasonable rule to prevent a person from giving a complete estate in one paragraph and diminish or revoke it in a second paragraph. We have held that when an estate is granted in fee, it is complete and

undefeatable unless subsequent language clearly establishes it was the purpose and intent of the testator in the first grant to make it subject to the later limitations. *Ollar* v. *Roy*, 212 Ark. 682, 207 S.W. 2d 313 (1948).

We construe the language in the Second Item in the testator's will to devise to the widow a fee simple absolute The Third Item cannot be said to be clear and unequivocal enough to indicate the intent to impose a limiting effect on the Second Item. The Third Item also appears to express a desire that the remainder of the estate, at the time of the death of the widow, be given to the enumerated class of persons.

We have reexamined our holdings in such cases and believe the reasoning is sound. We do not choose to depart from or overrule it.

Affirmed.