Mary Katherine BASINGER *v.* Dixon BRIDGES, Executor
of the Estate of Edna Greig, Deceased

86-287                                                           730 S.W.2d 486

Supreme Court of Arkansas
Opinion delivered June 8, 1987

*Walters Law Firm, P.A.*, for appellant.

*Michael J. Medlock*, for appellee.

DAVID NEWBERN, Justice. The appellant, Mary Katherine
Basinger, is a niece and beneficiary named in the will of Edna
Greig, deceased. The will provided, in part:

> I give, devise and bequeath to my niece, Mary Katherine
> Basinger of Route 1 Box 185, Huntinton, Arkansas, my
> savings at First Federal Savings and Loan Association in
> Van Buren, Arkansas. Her name has been placed on this
> account.

Upon the death of Edna Greig there were three savings accounts
at First Federal in Van Buren, but only one of them had the
appellant's name on it as a pay-on-death beneficiary. The
appellant contended she was entitled to all three accounts. The
probate judge held she was entitled only to the one with her name
on it because the will was unambiguous in saying so. The
appellant put on evidence tending to show that the decedent
intended her to have all three of the accounts. We agree with the
judge that the use of the term "this account" was unambiguously

singular. Thus we affirm the probate judge's decision.

There is no factual dispute. The appellant testified that the decedent told her on many occasions that she was leaving her enough money to build a house, the implication being that all three accounts would contain enough money to build a house, but that the one account did not. The other evidence the appellant produced included testimony by the lawyer who prepared the will. He did so from notes which had been prepared by the decedent. Those notes, in pertinent part, said:

> I give & bequeath to my niece Mary Katherine Basinger Huntington, Ark. Rt 1 Box 185 Savings at 1st. Federal & loan co. Van Buren, Ark her name on my book.

The lawyer testified that the testatrix told him that the appellant would get a little more than the testatrix's sister who was being given a $10,000 bequest, but "she [the sister] will understand." The appellant argued that the evidence that she was to get more than the sister meant that the testatrix intended to give her more than the one account which was only $9,000 at the time the will was made. Considering the testatrix's remark that the appellant would get a little more than the sister as a prediction, it turned out to be accurate. The testatrix lived long enough for the account with the appellant's name on it, which was $9,000 at the time the will was made, to grow to over $12,000, while the bequest to the sister remained static.

The lawyer's testimony was that when the will was made he did not know there was more than one account at First Federal of Van Buren. It is clear, however, that all three accounts were in existence when the will was prepared. Although he did not know of the other accounts, he did ascertain that there would be assets not disposed of if he followed the notes the testatrix had given him, so he suggested a residuary clause. Such a clause was added, and the residuary beneficiaries were named by the testatrix for inclusion.

The precedent signed by the probate judge said that the words, "her name on my book," were and were meant to be singular, and thus applied only to one account. The order signed by the judge said the will was unambiguous and showed the testatrix's intent to be that only one account was to pass to the

appellant. The appellant argues that, had the testatrix merely said she was leaving her savings at First Federal of Van Buren to the appellant, there could be no question but that all three accounts were intended to go to her. However, the added words, "her name has been placed on this account," negate the intention to bequeath more than one account to the appellant.

The probate judge recognized the unambiguity of the reference to a single account, and stated in the precedent for the order that the words of the decedent, "her name on my book" supported the appellees' contention that the decedent intended that only one account pass to the appellant. That was the judge's conclusion, and we cannot disagree. When the language of the testatrix is unambiguous and leaves no doubt as to her intent, we need not look beyond that language in construing the will. *Mills' Heirs* v. *Wylie*, 250 Ark. 703, 466 S.W.2d 937 (1971); *Quattlebaum* v. *Simmons National Bank of Pine Bluff*, 208 Ark. 66, 184 S.W.2d 911 (1945).

Affirmed.

PURTLE and HAYS, JJ., dissent.

STEELE HAYS, Justice, dissenting. I believe the will was ambiguous and hence, the trial court should have taken proof of the intent of the testatrix. Her will makes an unqualified bequest of "my savings at First Federal Savings and Loan Association in Van Buren, Arkansas." Whether those savings are in one account or in several accounts, the language is all inclusive. The following sentence— "Her name has been placed on this account"— creates the problem, as it cannot be squared with the fact there were three accounts as opposed to one. The two sentences cannot be reconciled and appellant was entitled to offer proof as to what the testatrix intended. In *Martin* v. *Simmons First National Bank*, 250 Ark. 774, 467 S.W.2d 165 (1971) we summarized the law:

> "Whenever there is uncertainty as to the intention of a testator, which cannot be clearly ascertained when the words of his Will are considered in their ordinary sense, the court must read the language employed by the testator in the light of the circumstances existing when the Will was written and in order to put itself in the place of the testator,

as nearly as possible, may consider all surrounding facts and circumstances known to him, including the condition, nature and extent of the testator's property, his relations with his family and other beneficiaries named, the motives which may reasonably be supposed to influence him, the subject matter of the gift, the financial condition of the beneficiary and other such matters." *Murphy* v. *Morris, Executor*, 200 Ark. 932, 141 S.W.2d 518, *Rufty* v. *Brantley*, 204 Ark. 32, 161 S.W.2d 11; *Thompson* v. *Arkansas National Bank of Hot Springs, Trustee*, 220 Ark. 802, 249 S.W.2d 958; *Eagle* v. *Oldham*, 116 Ark. 565, 174 S.W. 1176."

I would reverse and remand.

PURTLE, J., joins.